IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,** | § | Case No. 4:19-cv-1410 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Removed from the 234th Judicial** |
| | § | **District of Harris County, Texas** |
| **SAMSUNG HEAVY INDUSTRIES** | § | |
| **CO., LTD.,** | § | |
| | § | |
| *Defendant.* | § | State Cause No. 2019-16153 |

**DEFENDANT SAMSUNG HEAVY INDUSTRIES CO., LTD.'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and all other applicable laws and without waiving any rights, privileges, or defenses, Defendant Samsung Heavy Industries Co., Ltd. ("SHI" or "Defendant") gives notice of removal of the above-captioned case from the 234th Judicial District Court of Harris County, Texas (the "State Court Action") to the United States District Court for the Southern District of Texas, Houston Division. As grounds for removal, SHI states as follows:

**STATEMENT OF FACTS**

1. On March 5, 2019, Plaintiff Petrobras Americas, Inc. ("Petrobras" or "Plaintiff") initiated the State Court Action by filing a Petition against Defendant SHI with the District Clerk of Harris County, Texas. On March 26, 2019, Plaintiff served SHI with the Petition through service on its registered agent for service of process.

2. Plaintiff's lawsuit arises out of a 2008 drilling services contract ("DSC") that Petrobras International Braspetro BV entered into with Pride Global Limited ("Pride"), an oil and gas drilling contractor subsequently acquired by Ensco plc. Under the terms of the DSC, Pride allegedly agreed to provide Plaintiff with services related to a newly constructed drillship that Pride had acquired through a separate contract with Defendant.

3. Plaintiff alleges that Defendant—along with other entities and persons Plaintiff has not made parties to its lawsuit—cooperated to facilitate bribes to induce Plaintiff to enter into an injurious contract with Pride. Pet. ¶¶ 25–35.

4. Plaintiff claims that Defendant violated and conspired to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c), (d). Pet. ¶¶ 36–66. Plaintiff also brings claims for fraudulent inducement and implicit fraud under Texas law, alleging that Defendant made misrepresentations to Pride regarding its construction costs and concealed bribery of Plaintiff's directors. Pet. ¶¶ 67–81.

5. Pursuant to Local Rule 81, an index of matters being filed is attached as <u>Exhibit 1</u> and a list of counsel is attached as <u>Exhibit 2</u>. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders filed in the State Court Action as of the date of removal is attached as <u>Exhibit 3</u>.

6. As explained below, the action is removable to federal court on grounds of federal-question jurisdiction under 28 U.S.C §§ 1331 and 1441 because Plaintiff's Petition presents claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 *et seq*. The action is also removable on grounds of diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount

in controversy exceeds $75,000. Based on either of these grounds, and because all the procedural requirements for removal have been satisfied, removal is appropriate.

## ARGUMENTS AND AUTHORITIES

### I. The Court Has Federal-Question Jurisdiction.

7. The Court has subject-matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1441, because Plaintiff's claims present a federal question under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 *et seq*. The Court has jurisdiction when a federal question appears "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331.").

8. Plaintiff's claims under the federal RICO statute indisputably present a federal question establishing the Court's original jurisdiction. *See, e.g.*, *S. Tech. Diesel, Inc. v. Volvo Group N.A., LLC*, CIV.A. 5-10-129, 2011 WL 830330, at *2 (S.D. Tex. Mar. 3, 2011) (holding that "[b]ecause the petition clearly asserts a claim under RICO, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction, and removal of this case is proper under 28 U.S.C. § 1441," even though the petition also asserts state law claims).

9. Plaintiff cites *Tafflin v. Levitt*, 493 U.S. 455 (1990) for the proposition that "Texas state courts have concurrent jurisdiction over Plaintiff's federal RICO claim." Pet. ¶ 10 n.1. However, the Fifth Circuit has held that when federal and Texas state courts have concurrent jurisdiction, the defendant can remove the action to federal court. *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 460 (5th Cir. 1982) ("Unless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable."). With respect to claims under the federal RICO

statute in particular, concurrent jurisdiction over RICO claims does not defeat a defendant's right to have the case heard in federal court. *Lichtenberger v. Prudential-Bache Sec., Inc.*, 737 F. Supp. 43, 44 (S.D. Tex. 1990) ("In spite of the clear holding of *Baldwin,* plaintiffs urge the Court to prohibit removal simply because *Tafflin* finds state court concurrent jurisdiction. The right of a defendant to remove a federal cause of action to federal court is statutorily created and may not be so easily lost. Had Congress intended for this right to have been lost in RICO cases, it could well have so said.").

10. Either of Plaintiff's federal RICO claims alone is sufficient to establish the Court's jurisdiction and the Court may exercise supplemental jurisdiction over Plaintiff's Texas law claims. 28 U.S.C. § 1367(a). *See, e.g.*, *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 4:09-CV-2556, 2012 WL 12893404, at *2 (S.D. Tex. Sept. 27, 2012) ("The [plaintiff's] RICO claim gave this Court supplemental jurisdiction over Plaintiffs' state law claims.").

## II. The Court Has Diversity Jurisdiction.

11. In addition and in the alternative, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. There is Complete Diversity of Citizenship.

12. Plaintiff alleges it is a Delaware corporation with its registered office in Houston, Texas. Pet. ¶ 8. Upon information and belief, Plaintiff maintains its principal place of business in Houston, Texas.[1] Plaintiff is therefore a citizen of the State of Texas for diversity purposes. *See*

---

[1] Plaintiff has recently and more than once represented to this Court in previous litigation that Houston, Texas is its principal place of business. *See* Defendant Petrobras America, Inc.'s Motion to Transfer Venue, *Wilkerson v. Petrobras America, Inc.*, No. 4:14-cv-02155 (S.D. Tex. Jul. 3, 2014), ECF 6 ("[Petrobras America, Inc.] has no personnel, equipment or assets in the Galveston Division but does maintain its

*Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").[2]

13. Defendant SHI is a foreign corporation. Pet. ¶ 9. Defendant SHI is and was at all times relevant to these proceedings organized and existing under the laws of South Korea with its principal place of business in South Korea. *See* Ex. 4 (Decl. of Dongwan Kang). For purposes of diversity jurisdiction, SHI is a citizen of South Korea. *See id.*

14. Because Plaintiff is a citizen of Delaware and Texas, and SHI is a citizen of South Korea, there is complete diversity of citizenship. 28 U.S.C. § 1332(a).

B. **The Amount in Controversy Exceeds $75,000.**

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the

---

principal place of business in the Houston Division and would therefore be subject to the Court's jurisdiction in both the Southern District of Texas and the Houston Division."); Complaint at 1, *Petrobras America Inc. v. Vicinay Cadenas, S.A.*, No. 4:12-cv-00888 (S.D. Tex. Mar. 23, 2012), ECF No. 1 ("Plaintiff Petrobras America Inc. ('Petrobras') is a Delaware corporation with its principal place of business in Houston, Texas.").

[2] Plaintiff alleges that it is an affiliate of Petrobras International Braspetro BV, a holding company organized under the laws of The Netherlands. Pet. ¶ 8. Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The Supreme Court has held this rule is "unambiguous" and rejected claims of shared citizenship by virtue of affiliation. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) ("Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates."); *see also Hartford Fire Ins. Co. v. 4H Ventures, Inc.*, CIV.A. H-07-4355, 2008 WL 2486045, at *1 (S.D. Tex. June 12, 2008) (holding fact that plaintiff had affiliates in the state was not dispositive of diversity jurisdiction); *Gilbert Krupin LLC v. Catlin Specialty Ins. Co.*, CV1303753DMGRZX, 2013 WL 12212906, at *1 (C.D. Cal. May 31, 2013) ("[T]hat Catlin is wholly owned by a citizen of Delaware is irrelevant. Catlin is only a citizen of Delaware if it is incorporated under Delaware law or has its principal place of business there.").

plaintiff or questioned by the court." *Id*. at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See, e.g., St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998).

16. Here, it is clear the amount in controversy exceeds $75,000, exclusive of interest and costs. The Petition asserts that the Plaintiff's "injuries in this case total more than $250 million." Pet. ¶ 34.

**III.    The Procedural Requirements for Removal Are Satisfied.**

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after Plaintiff served SHI with the Petition on March 26, 2019 through its registered agent for service of process. 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."). Additionally, this Notice of Removal is filed less than one year after the commencement of the State Court Action. 28 U.S.C. § 1446(c)(1).

18. Venue is proper because this is the District Court for the district and division embracing the place where the State Court Action was pending (Harris County, Texas). 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), SHI is providing Plaintiff with written notice of the filing of this Notice of Removal and is filing a copy of this Notice of Removal with the Clerk of the 234th Judicial District Court of Harris County, Texas.

20. SHI has paid all appropriate and applicable fees of this Court.

21. Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant SHI hereby removes the above-captioned State Court Action from the 234th Judicial District Court of Harris County, Texas.

Dated: April 18, 2019                          Respectfully submitted,

*/s/ Christopher M. Odell*
**Christopher M. Odell**
Texas Bar No. 24037205
S. D. Tex. Bar No. 33677
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Tel: 713-576-2400
Fax: 713-576-2499
christopher.odell@arnoldporter.com

**Soo-Mi Rhee**\*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5000
Fax: 202-942-5999
soo-mi.rhee@arnoldporter.com

**Marcus A. Asner**\*
**Daniel R. Bernstein**\*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: 212-836-8000
Fax: 212-836-8689
marcus.asner@arnoldporter.com
daniel.bernstein@arnoldporter.com

\*Motion for admission *pro hac vice* to be filed

**COUNSEL FOR DEFENDANT**
**SAMSUNG HEAVY INDUSTRIES CO., LTD.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 18, 2019, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that, on April 18, 2019, the foregoing document is being served on the following counsel of record by email:

Eric J. Cassidy
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
Bank of America Center
700 Louisiana, Suite 350
Houston, Texas 77002
(832) 331-6778
ecassidy@gcfirm.com

*Counsel for Plaintiff*
*Petrobras Americas, Inc.*

          /s/ *Christopher M. Odell*
             Christopher M. Odell