**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PETROBRAS AMERICA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 4:19-cv-01410** |
| | § | |
| SAMSUNG HEAVY INDUSTRIES CO., LTD., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Petrobras America, Inc., by and through its undersigned attorneys, hereby submits the following Joint Discovery/Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure.

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties initially communicated by email on May 24, 2019, and met and conferred by telephone on May 30, 2019. This report was prepared based on those communications. Eric Cassidy, Jonathan Walsh, and Samuel Ballard attended the May 30, 2019 meeting for Plaintiff Petrobras America, Inc. Christopher Odell, Daniel Bernstein, and Amanda Thomson attended for Defendant Samsung Heavy Industries Co., Ltd.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no cases related to this one pending in federal or state court.

**3. Briefly describe what this case is about.**

Plaintiff brought this case under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et seq., and Texas state law, alleging that Defendant participated in a bribery scheme relating to a drilling services contract that Plaintiff's predecessor in interest entered into with a third-party.

**4. Specify the allegation of federal jurisdiction.**

Plaintiff alleges that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1441, because Petrobras's claims present a federal question under RICO. Defendant contests personal jurisdiction.

**5. Identify the parties who disagree and the reasons.**

The parties agree on the basis for federal subject matter jurisdiction but not personal jurisdiction.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not yet know whether any additional parties should be included in this case.

**7. List anticipated interventions.**

There are no anticipated interventions in this case.

**8. Describe class-action or collective-action issues.**

There are no class-action or collective-action issues in this case.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not made Rule 26(a) disclosures. This Court entered an Order on April 25, 2019 (Dkt. Entry No. 8), deferring setting a responsive pleading deadline until after the Court has ruled on Defendant's Motion to Dismiss Plaintiff Petrobras's Original Petition. The Court further ordered that the deadline for initial discovery responses would be 30 days after the responsive pleading deadline. Accordingly, the parties will exchange Rule 26(a) disclosures within 30 days after the responsive pleading deadline to be set by this Court after resolution of Defendant's motion to dismiss.

**10. Describe the proposed agreed discovery plan, including:**

Questions 10(A)-(I) are answered as follows: The parties discussed discovery on their May 30, 2019 call but, given the early stage of the case and the pending motion to dismiss, the parties have not agreed to a discovery plan. The parties will be prepared to discuss discovery with the Court at the initial pretrial and scheduling conference scheduled for June 17, 2019.

**A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

**C. When and to whom the defendant anticipates it may send interrogatories.**

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

**E. Of whom and by when the defendant anticipates taking oral depositions.**

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**I. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties discussed discovery on their May 30, 2019 call, but, given the early stage of the case and the pending motion to dismiss, the parties have not agreed to a discovery plan. The parties will be prepared to discuss discovery with the Court at the initial pretrial and scheduling conference scheduled for June 17, 2019.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been conducted to date.

**13. State the date the planned discovery can reasonably be completed.**

The parties discussed discovery on their May 30, 2019 call, but, given the early stage of the case and the pending motion to dismiss, the parties have not agreed to a discovery plan. The parties will be prepared to discuss discovery with the Court at the initial pretrial and scheduling conference scheduled for June 17, 2019.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have not discussed the possibility of settlement as of this date.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties will be prepared to address alternative dispute resolution at the scheduling conference scheduled for June 17, 2019.

**16. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

A jury demand was timely made by Plaintiff. However, Defendant has raised a statute of limitations defense.

**18. Specify the number of hours it will likely take to present the evidence in this case.**

Given the early stage of this case, it is unknown at this time how many hours it would take to present evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no motions pending which could be ruled on at the initial pretrial and scheduling conference.

**20. List other pending motions.**

The only pending motion is Defendant Samsung Heavy Industries Co., Ltd.'s Motion to Dismiss (Dkt. Entry No. 13).

**21. List issues or matters, including discovery, that should be addressed at the conference.**

At the initial pretrial and scheduling conference, the parties would like to discuss protections that may be put in place to protect and allow for the use of confidential documents.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

All parties have filed the Disclosure of Interested Persons if applicable.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

| **For Plaintiff Petrobras America, Inc.** | **For Defendant Samsung Heavy Industries Co., Ltd.** |
|---|---|
| **Eric J. Cassidy**<br>Tex. Bar No. 24031807<br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>2 Houston Center<br>909 Fannin Street, Suite 3800<br>Houston, Texas 77010<br>Tel. 832-331-6778<br>ecassidy@curtis.com | **Christopher M. Odell**<br>Tex. Bar No. 24037205<br>S. D. Tex. Bar No. 33677<br>ARNOLD & PORTER KAYE<br>SCHOLER LLP<br>700 Louisiana Street, Suite 4000<br>Houston, TX 77002-2755<br>Tel. 713-576-2400<br>christopher.odell@arnoldporter.com |
| **Jonathan J. Walsh** (*pro hac vice*)<br>N.Y. Bar No. 2969830<br>**Samuel Ballard** (*pro hac vice*)<br>N.Y. Bar No.5675616<br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>101 Park Avenue<br>New York, New York 10178<br>Tel. 212-696-6000<br>jwalsh@curtis.com<br>sballard@curtis.com | **Marcus A. Asner** (*pro hac vice*)<br>N.Y. Bar. No. 2614840<br>**Daniel R. Bernstein** (*pro hac vice*)<br>N.Y. Bar. No. 4848107<br>ARNOLD & PORTER KAYE<br>SCHOLER LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>Tel. 212-836-8000<br>Marcus.Asner@arnoldporter.com<br>Daniel.Bernstein@arnoldporter.com |
| | **Soo-Mi Rhee** (*pro hac vice*)<br>ARNOLD & PORTER KAYE<br>SCHOLER LLP<br>D.C. Bar No. 496292<br>601 Massachusetts Ave, NW<br>Washington, DC 20001-3743<br>Tel. 202-942-5000<br>Soo-Mi.Rhee@arnoldporter.com |

**24.** Given the early stage of this case, the parties have not prepared a proposed Docket Control and Scheduling Order at this time.

Dated: June 3, 2019
Houston, Texas

**By:** /s/ Eric J. Cassidy
**Eric J. Cassidy**
Tex. Bar No. 24031807
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel. 832-331-6778
ecassidy@curtis.com

**Jonathan J. Walsh** (*pro hac vice*)
**Samuel Ballard** (*pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Tel. 212-696-6000
jwalsh@curtis.com
sballard@curtis.com

***Attorneys for Plaintiff Petrobras America, Inc.***

**By:** /s/ Christopher M. Odell
**Christopher M. Odell**
Tex. Bar No. 24037205
S. D. Tex. Bar No. 33677
ARNOLD & PORTER KAYE
SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Tel. 713-576-2400
christopher.odell@arnoldporter.com

**Marcus A. Asner** (*pro hac vice*)
**Daniel R. Bernstein** (*pro hac vice*)
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel. 212-836-8000
Marcus.Asner@arnoldporter.com
Daniel.Bernstein@arnoldporter.com

**Soo-Mi Rhee** (*pro hac vice*)
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel. 202-942-5000
Soo-Mi.Rhee@arnoldporter.com

***Attorneys for Defendant Samsung Heavy Industries Co., Ltd.***