United States District Court
Southern District of Texas
ENTERED
June 18, 2019
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**SAMSUNG HEAVY INDUSTRIES CO., LTD.,**<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:19-cv-01410 (LHR)** |

**AGREED PROTECTIVE ORDER**

The Court issues this Agreed Protective Order to facilitate document disclosure and production under the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through and following the conclusion of this litigation, as described herein.

In support of this order, the Court finds that:

1. The proceedings in this action may involve the discovery and use of confidential, non-public, and/or proprietary business, employment, tax, financial, and personally identifiable documents, information, and other materials ("Confidential Information"), and the parties to this action have agreed to limit the disclosure of Confidential Information as provided herein; and

2. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants,

all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any party or non-party to this action (the "Designating Party") shall have the right to designate as "Confidential" any materials, documents, discovery responses, things, or testimony that the Designating Party believes, in good faith, contain or represent confidential personal, medical, financial, proprietary, competitive, trade secret, or other information that the Designating Party normally would require third parties to maintain as confidential, provided that such documents have not previously been voluntarily disclosed by the Designating Party to anyone except those in its employment or those retained by it or those who have received such documents pursuant to confidentiality protections. This includes information provided to the Designating Party by a customer or other third party on condition that it be maintained as confidential.

2. A Designating Party may also designate all or portions of any materials, documents, discovery responses, things, or testimony as "Attorney's Eyes Only." Materials designated as Attorney's Eyes Only constitute highly sensitive and proprietary business information of the Designating Party.

3. Nothing shall be regarded as Confidential or Attorney's Eyes Only information if it is information that:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the precise information was in its rightful and lawful possession at the time of disclosure.

4. Except as otherwise indicated below, all materials, documents, discovery responses, things, or testimony designated by the producing party as Confidential or Attorney's Eyes Only, and which are disclosed or produced to the attorneys for the other parties to this litigation, are entitled to confidential treatment as described herein.

5. A Designating Party shall designate materials as "Confidential" or "Attorney's Eyes Only" by placing the word(s) "Confidential" or "Attorney's Eyes Only" on each page of the materials, or otherwise making a pronouncement in writing at the time of disclosure.

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for purpose of this litigation, or (b) the deposition of a non-party (which information pertains to a party) may be designated by a Designating Party as Confidential or Attorney's Eyes Only information by indicating on the record at the deposition that the testimony is Confidential or Attorney's Eyes Only and is subject to the provisions of this Order. The Designating Party shall have the right to exclude all persons except the deponent, his or her counsel, counsel of record for the named parties, the court reporter, and those persons listed in Paragraphs 9 and/or 10 below from the portion of a deposition during which the witness testifies concerning Confidential or Attorney's Eyes Only matters. In the event that deposition testimony is designated Confidential or Attorney's Eyes Only, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the court reporter.

7. A party or non-party may also designate information disclosed at a deposition as Confidential or Attorney's Eyes Only by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as Confidential or Attorney's Eyes Only thereafter. Parties shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in their possession, custody, or control. All deposition transcripts shall be treated as Attorney's Eyes Only for a period of fifteen (15) days after the receipt of the transcript.

8. No person subject to this Order other than the Designating Party shall disclose any Confidential or Attorney's Eyes Only materials to any person except as set forth in this Agreed Protective Order. No person shall use any material designated Confidential or Attorney's Eyes Only for any purpose other than to assist in the preparation, trial, and appeal, if any, of this action.

9. Except as provided in this Order, material designated Confidential and the information contained therein shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of the Qualified Persons listed below:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, any other person indicated on the face of the document as having received a copy, and any custodian of records required to authenticate the document;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided

such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcribe depositions conducted in this action and any outside copy service under contract to provide copy service to counsel for any party;

(g) the Court and its support personnel;

(h) in-house counsel for any party; and

(i) any individual designated by any party as its representative.

10. Material and information that has been designated Attorney's Eyes Only may only be shared with Qualified Persons identified in Paragraphs 9(b)-(h) above and only pursuant to the restrictions set forth in those paragraphs.

11. The Parties shall cooperate in good faith should the need arise to broaden the definition of Qualified Persons. In the event a party objects to another party's treatment of a person as a Qualified Person, the objecting party may challenge the other party's right to share Confidential or Attorney's Eyes Only material with that person by filing an appropriate motion with the Court. Before filing such a motion, the objecting party shall meet and confer with the other party about the issue, and the parties shall in good faith attempt to resolve the dispute. Until the Court has resolved any such motion, the person at issue shall not be treated as a Qualified Person.

12. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Agreed Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Agreed Protective Order.

13. Copies of Attorney's Eyes Only information provided to a receiving party shall be maintained in the offices of its outside counsel. Any documents produced in this litigation,

regardless of classification, which are provided to Qualified Persons as defined in Paragraph 9 shall be maintained only at the offices of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Agreed Protective Order may be made, or exhibits prepared by, independent copy services, printers, or illustrators for the purpose of this litigation.

14. Any party that objects to the designation of certain material as Confidential or Attorney's Eyes Only may challenge such designation by filing an appropriate motion with the Court. Prior to filing such motion, the objecting party shall meet and confer with the Designating Party about the issue, giving the Designating Party notice of the challenge and an opportunity to respond. Until the Court has resolved any such motion, the material in question shall retain its Confidential or Attorney's Eyes Only designation and be treated accordingly. The failure of a party to challenge a designation at a particular time shall not preclude that party from challenging the designation at a later time.

15. All Confidential or Attorney's Eyes Only material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorney's Eyes Only material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Attorney's Eyes Only material itself, and not text that in no material way reveals the Confidential or Attorney's Eyes Only material. The party who initially designated the materials Confidential or Attorney's Eyes Only shall have the burden of establishing the necessity of sealing the materials. Failure to carry this burden or

otherwise ensure the materials remain sealed shall be the sole responsibility of the Designating Party.

16. To the extent that Confidential or Attorney's Eyes Only materials or information are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential or Attorney's Eyes Only materials or information.

17. In the event any party is served with a subpoena or similar request demanding production of material or information that has been designated Confidential or Attorney's Eyes Only under this Agreed Protective Order, that party shall immediately notify the Designating Party to give the Designating Party the opportunity to interpose and defend any objection to production of the Confidential or Attorney's Eyes Only information.

18. Subject to the Federal Rules of Evidence, materials or information designated Confidential or Attorney's Eyes Only may be offered in evidence at any court hearing provided that the proponent of the evidence gives notice to counsel for all other parties prior to the commencement of the hearing. Subject to the Federal Rules of Evidence, materials or information designated Confidential or Attorney's Eyes Only may be offered in evidence at trial provided that the proponent of the evidence gives five (5) business days' advance notice to counsel for all other parties. Inclusion on the tendering party's exhibit list with a notation that the proposed exhibit contains information designated Confidential or Attorney's Eyes Only constitutes sufficient notice. Any party may move the Court for an order that such evidence be received *in camera* or under other conditions necessary to prevent and/or limit disclosure.

19. Each person who has access to Confidential or Attorney's Eyes Only materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such materials.

20. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated Confidential or Attorney's Eyes Only shall not be deemed a waiver in whole or in part of a claim for Confidential or Attorney's Eyes Only treatment. A party or non-party may designate previously produced materials as Confidential or Attorney's Eyes Only that the party or non-party failed to designate initially through written notice to counsel of record for the receiving party or parties. The Designating Party shall supply copies of the material marked Confidential or Attorney's Eyes Only.

21. Inadvertent or unintentional disclosure of information subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the attorney work product protection shall not constitute or be deemed a voluntary disclosure of such information or a waiver or forfeiture of any claim of privilege, evidentiary protection, or other protection with respect to the information and its subject matter, and shall not result in any waiver, including subject matter waiver, of any kind.

22. If, during the course of this action, any party or non-party determines that any document produced by another party or non-party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(a) The receiving party shall (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged

or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding the obligations that arise should a receiving party determine that any document produced by another party or non-party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(b) If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any

portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information the producing party believes is subject to a claim of privilege or other protection.

23. If, during the course of this litigation, a party or non-party determines it has produced a Protected Document:

(a) The producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the inadvertently produced Protected Document by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(b) The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy

the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

24. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in Paragraphs 22(b) and 23(a), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

25. The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(a) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(b) the disclosure of the Protected Documents was not inadvertent;

(c) the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(d) the producing party failed to take reasonable or timely steps to rectify the error.

26. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's Order.

27. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

28. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

29. This Agreed Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Confidential and Attorney's Eyes Only material, and all copies thereof, shall upon request be promptly returned to the producing person, or, upon permission of the producing person, destroyed to the extent reasonably possible taking into account backup systems and retention protocols, except that the attorneys receiving Confidential or Attorney's Eyes Only material may keep pleadings, transcripts, exhibits, and work product that refers to or relates to any Confidential or Attorney's Eyes Only material, subject to the obligations imposed by this Agreed Protective Order, which

shall remain in effect and binding on any such retained Confidential or Attorney's Eyes Only documents or information.

30. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

31. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SIGNED this 17th day of June, 2019.

Honorable Lee H. Rosenthal
United States District Court Judge

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,** | § | **Case No. 4:19-cv-01410 (LHR)** |
| | § | |
| ***Plaintiff,*** | § | **Non-Disclosure Agreement** |
| | § | |
| **v.** | § | |
| | § | |
| **SAMSUNG HEAVY INDUSTRIES CO., LTD.,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

I, ____________, acknowledge that I have read and understand the Agreed Protective Order in this action governing the non-disclosure of materials designated as Confidential or Attorney's Eyes Only. I agree that I will not disclose Confidential or Attorney's Eyes Only materials to anyone other than for purposes of this litigation in accordance with the terms of the Agreed Protective Order, and that at the conclusion of the litigation, I will return all discovery information within fifteen (15) days to the party or attorney from whom I received it. By acknowledging these obligations under the Agreed Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of Texas for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Agreed Protective Order could subject me to punishment for contempt of Court.

______________________________
Signature

______________________________
Date