IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETROBAS AMERICA, INC., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-1410 |
| SAMSUNG HEAVY INDUSTRIES CO., LTD., | § § § § | |
| Defendant. | § | |

**ORDER**

Petrobas America, Inc. has asked to incorporate into its amended complaint certain documents, including confidential information that they contain, that are covered by a nondisclosure agreement the parties signed in 2017. The parties entered into the nondisclosure agreement to share and make confidential "[a]rbitration [m]aterials," including "written submissions and exhibits"; "witness statements and exhibits"; "experts reports and exhibits"; certain schedules; and the tribunal's orders or awards. (Agreement at 1–2). Under the nondisclosure agreement, Petrobas "may not disclose the [documents or information] to any third party." (*Id.* at 4). Disclosure is allowed, however, if "required by law." (*Id.*). English law governs the nondisclosure agreement, and the parties must arbitrate all "disputes arising out of or in connection with the [agreement]." (*Id.* at 5).

Petrobas argues that it needs to use the documents "to satisfy [its] pleading burden under Federal Rule of Civil Procedure 9(b), and to refute Samsung [Heavy Industries Co., Ltd.'s] allegations that the [c]ourt lacks personal jurisdiction." (Petrobas Premotion Letter at 2). Samsung responds that the nondisclosure agreement "prohibits the requested use," and that the agreement's arbitration clause precludes disclosure by court order. (Samsung Premotion Letter at 1–2).

Petrobas must submit a motion with a brief explaining why using the documents is necessary to plead fraudulent inducement and implicit fraud, and why using the documents is necessary to allege facts showing personal jurisdiction. Samsung must submit a motion with a brief explaining when disclosure is allowed under the nondisclosure agreement on an order issued by a court, and why the agreement precludes the court-ordered disclosure Petrobas seeks.

Each party's submission is limited to 10 pages and due by **July 22, 2019**. The parties may respond in briefs of no more than 5 pages by **July 29, 2019**.

Petrobas's motion to extend the deadline to file its amended complaint, (Docket Entry No. 31), is granted. Petrobas must file its amended complaint by **August 12, 2019**. The initial conference set for July 24, 2019, is reset to **August 26, 2019, at 8:30 a.m.**

SIGNED on July 12, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge