**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PETROBRAS AMERICA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 4:19-cv-01410** |
| | § | |
| SAMSUNG HEAVY INDUSTRIES | § | |
| CO., LTD., | § | |
| | § | |
| *Defendant*. | § | |

# PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO ALLOW THE USE OF CERTAIN ARBITRATION DOCUMENTS IN THIS CASE OR IN THE ALTERNATIVE TO COMPEL PRODUCTION OF THE DOCUMENTS

Pursuant to the Court's July 12, 2019 Order, Plaintiff Petrobras America, Inc. ("Petrobras") files this reply in support of its motion to permit Petrobras to reference in its amended complaint certain documents that Defendant Samsung Heavy Industries Co., Ltd. ("Samsung") provided to Petrobras subject to a non-disclosure agreement ("NDA").

## PRELIMINARY STATEMENT

Samsung's opening brief is notable for what it does not say. Samsung has never denied that it paid the $20 million in bribes at the heart of this case. Samsung does not deny that the documents Petrobras seeks to reference in its amended complaint are necessary for Petrobras to plead its claims and to establish that this Court has personal jurisdiction over Samsung. Samsung also does not address whether the documents are otherwise discoverable in this case, which they are. Indeed, Petrobras served early Rule 34 requests on Samsung to obtain the documents in this proceeding and to avoid any concerns with the non-disclosure agreement ("NDA") at issue. Yet Samsung refuses to produce the documents subject to the protective order in this case, putting Petrobras in an untenable position: Petrobras must meet the pleading requirements for its claims without the documents it needs to do so. The Court can resolve this impasse by ordering the production of the documents that Petrobras seeks to reference in its amended complaint. Neither of the cases Samsung cites, nor the NDA itself, prohibits this measure.

## ARGUMENT

### I. The NDA Allows for Production "If Required by Law"

Samsung asserts that the NDA prohibits the use of the arbitration documents in any other proceeding except the Ensco arbitrations. Yet such a reading is far too broad and is not supported by the cases Samsung cites. Certainly, the underlying emails, letters and notes

Samsung produced are discoverable in another proceeding. *See Caringal v. Karteria Shipping, Ltd.*, No. 99-3159, 2001 WL 874705, at *1 (E.D. La. Jan. 24, 2001) (ordering disclosure of documents previously exchanged in arbitration, despite confidentiality agreement). These are the very documents Petrobras seeks to reference in the amended complaint.

Samsung relies on the holding of *Vringo, Inc. v. ZTE Corp.*, 14-CV-4988 LAK, 2015 WL 3498634 (S.D.N.Y. June 3, 2015), but that case involved far different circumstances. The defendant in *Vringo* had already cited the confidential documents in a litigation it filed in China. The plaintiff sought a preliminary injunction to have the defendant withdraw both the complaint and the supporting documents and to enjoin the defendant from using the documents in any other proceeding. There was no prior request to a court to allow the use of the confidential documents. Here, Petrobras asked Samsung to allow the use of the documents and, when Samsung refused, Petrobras sought a judicial order to allow the use of the documents in this case. The NDA allows for the production of the documents from the Ensco "if required by law," and here an order from this Court would satisfy that requirement. *See Caringal*, 2001 WL 874705, at *1.

Similarly, Samsung relies on *ITT Education Services v. Arce*, 533 F.3d 342 (5th Cir. 2008), but that case involved a party trying to use the arbitral decision in a different matter. It did not involve the use of underlying documents that are directly relevant to the facts of the instant case. Here, Petrobras seeks to use the emails, letters and notes from Samsung personnel that lay out the details of the bribery scheme at the center of Petrobras's claims under both RICO and Texas law. Additionally, these documents show that Samsung is subject to personal jurisdiction in Texas, notwithstanding the arguments Samsung has already made in its initial motion to dismiss. Petrobras should be allowed to cite these documents to make its case.

Samsung also cites English law to argue for the confidentiality of the documents at issue. But English law allows for the disclosure of the documents pursuant to a court order. *See Caringal*, 2001 WL 874705, at *1, ("nothing in [the] line of cases from Great Britain … undermines the principle that the Court may order disclosure when appropriate") ("Even if documents are confidential, a Court may order disclosure if (1) the documents are relevant and (2) 'disclosure is necessary for disposing fairly of the cause or matter or for saving costs'" (quoting *Hassneh Insurance Co. of Israel and Others v. Steuart J. Mew*, 2 Lloyd's Rep. 243, 250 (1993)). And Petrobras has already agreed to file the documents under seal to protect the confidentiality of the documents from third parties. The Court should order the production of the documents and thus allow Petrobras to plead its claims.[1]

## II. <u>The Court Can Compel Production of the Documents in this Case and Thus Avoid Any Violation of the NDA</u>

As Petrobras stated in its opening brief, it has attempted to avoid any issues with the NDA by serving Rule 34 requests for documents to obtain the contested documents in this case. Samsung has not and cannot assert that the NDA would prohibit production of the documents in response to discovery requests in this case. Instead, Samsung has objected to the discovery as untimely.[2] But Samsung's position is not supported by the Federal Rules of Civil Procedure, which were amended in 2015 to allow for early service of document requests. *See* Fed. R. Civ. P. 26(d)(2). This change allowed parties to begin document discovery at an early stage with the goal of a focused discussion of the requests at the Rule 26(f) conference.

---

[1] Samsung attempts to argue that Petrobras itself would oppose use of the contested documents if the roles were reversed. (ECF No. 34 n.2.) Not so. The Petrobras brief Samsung cites related to attempts by an opposing party to seek work product—not otherwise discoverable documents—pursuant to 28 U.S.C. § 1782.

[2] Samsung has objected to the scope of Petrobras's document requests. Petrobras is willing to meet and confer regarding the scope of the requests, but Samsung has never formally responded to the requests.

The parties held their Rule 26(f) conference in early June, but little progress was made because Samsung took the position that the parties should wait until there is a decision on its motion to dismiss before engaging in discovery. In July, after the pre-motion conference on this dispute, Petrobras's counsel asked Samsung's counsel whether they planned to respond to the Rule 34 requests Petrobras served. Samsung's counsel again took the position that there should be no discovery until after the motion to dismiss is decided. In effect, Samsung believes the case will be dismissed before Petrobras has the opportunity to use the documents that it needs to plead its claims. This is patently unfair and contrary to the Federal Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

If the Court determines that the NDA prohibits the use of the arbitration materials in this case, the Court should compel production of the documents in this case.[3] The documents requested are necessary to plead the elements of Petrobras's claims and to rebut Samsung's arguments that it is not subject to personal jurisdiction here.

[3] Samsung also argues that the NDA requires arbitration of this very dispute. Putting aside that entirely unworkable reading of the NDA, which would require Petrobras to initiate an arbitration simply to cite documents in a separate litigation, the Rule 34 requests avoid this issue as well. Samsung can produce the documents in this case, irrespective of the NDA and its dispute resolution provisions.

## CONCLUSION

Petrobras respectfully requests that the Court permit Petrobras to cite the contested documents in its amended complaint or, in the alternative, compel production of the documents.

Respectfully submitted,

Dated: July 29, 2019
Houston, Texas

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/ Eric J. Cassidy

Eric J. Cassidy
Tex. Bar No. 24031807
Southern Dist. No. 30001
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel. 832-331-6778
ecassidy@curtis.com

Jonathan J. Walsh (*pro hac vice*)
Samuel Ballard (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel. 212-696-6000
jwalsh@curtis.com
sballard@curtis.com

*Attorneys for Plaintiff Petrobras America, Inc.*

**CERTIFICATE OF CONFERENCE**

The parties conferred via teleconference on July 18, 2019 regarding the relief requested and the relief sought by Petrobras is opposed by Samsung.

/s/ Eric J. Cassidy

Eric J. Cassidy

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2019, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that, on July 29, 2019, the foregoing document is being served on the following counsel of record by email:

Christopher M. Odell
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
(713) 576-2400
christopher.odell@arnoldporter.com

*Counsel for Defendant Samsung Heavy Industries Co., Ltd.*

/s/ Eric J. Cassidy
Eric J. Cassidy