Arnold & Porter

**Christopher M. Odell**
+1 713.576.2401 Direct
Christopher.Odell@arnoldporter.com

August 6, 2019

The Honorable Lee H. Rosenthal
515 Rusk Street
Room 11535
Houston, Texas 77002

Re: *Petrobras America, Inc. v. Samsung Heavy Industries Co., Ltd.*; Case No. 4:19-cv-01410 (LHR).

Dear Judge Rosenthal:

Defendant Samsung Heavy Industries Co., Ltd. ("SHI") respectfully requests that the Court address a discovery dispute between the parties at the initial conference scheduled for August 26, 2019. *See* Ct. Proc. 4. SHI also asks that the Court defer SHI's deadline to respond to the discovery at issue or move for a protective order until after the initial conference.

The issue for the Court's resolution concerns the Rule 34 Requests for Production of Documents Plaintiff Petrobras America, Inc. ("Petrobras") served on July 9, 2019 (the "RFPs"). SHI believes the RFPs are premature. On April 22, 2019, the Court entered a Notice and Order outlining the parameters of the Court's Mandatory Initial Discovery Pilot Project ("MIDPP"). The Notice and Order postponed discovery under Federal Rules of Civil Procedure 30-36 and 45 until after the parties serve responses under the MIDPP. *See* Notice to the Parties - The MIDPP (Apr. 22, 2019) [D.E. 4] at 2-3 ("*After* the Mandatory Initial Discovery Pilot responses have been served, discovery under Fed. R. Civ. P. 30-36 and 45 may begin.") (emphasis added); *see also* MIDPP Order (Apr. 22, 2019) [D.E. 4] at 7, 11 II(7) (allowing issuance of requests for production under Rule 34 *after* service of MIDPP responses).

On April 25, 2019, the Court deferred MIDPP responses until after resolution of SHI's motion to dismiss, which is based in part on the Court's lack of personal jurisdiction over SHI. *See* Order Granting SHI's Motion for Extension of Time to File Responsive Pleading and to Serve Mandatory Initial Discovery Responses (Apr. 25,

Arnold & Porter



2019) [D.E. 8]. Because the Court postponed the deadline to serve MIDPP responses, SHI understands that discovery under Federal Rule of Civil Procedure 34, which commences *after* service of MIDPP responses, has not begun. *See* Notice to the Parties - The MIDPP (Apr. 22, 2019) [D.E. 4] at 2-3; *see also* MIDPP Order (Apr. 22, 2019) [D.E. 4] at 7, 11 II(7). In addition, Petrobras has stated that it will be filing an Amended Complaint on or before August 12, 2019. Because SHI has not yet seen that amended pleading, it is difficult for SHI to assess the propriety of the specific requests. For both of these reasons, SHI believes the RFPs are premature.

Petrobras, on the other hand, contends that SHI must respond to the RFPs. The parties have conferred in good faith on this issue—which has also been the subject of briefing by both sides—but have been unable to reach agreement. *See* Petrobras's Motion to Allow the Use of Certain Arbitration Documents in This Case or in the Alternative to Compel Production of the Documents (July 22, 2019) [D.E. 35] at 9; SHI's Opposition Brief (July 29, 2019) [D.E. 38] at 5; Petrobras's Reply Brief (July 29, 2019) [D.E. 37] at 3-4. SHI therefore respectfully requests that the Court address this issue at the August 26, 2019 initial conference and defer SHI's deadline to respond to the discovery or move for a protective order until the Court takes up the issue.

Thank you in advance for your attention to this issue.

Respectfully submitted,

Christopher M. Odell