CURTIS

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Almaty
Beijing
Buenos Aires
Dubai
Frankfurt
Geneva
Houston
London
Mexico City
Milan
Muscat
Nur-Sultan
Paris
Rome
Washington, D.C.

101 Park Avenue
New York, New York 10178-0061

**Telephone +1 212 696 6000**
**Facsimile +1 212 697 1559**
www.curtis.com

**Jonathan J. Walsh**
Tel: +1 212 696 8817
Fax: +1 917 368 8917
E-Mail: jwalsh@curtis.com

August 7, 2019

**VIA ECF ONLY**
Hon. Lee H. Rosenthal
515 Rusk Street
No. 11535
Houston, Texas 77002

**Re: Petrobras America, Inc. v. Samsung Heavy Industries Co., Ltd.,**
**No 4:19-cv-01410**

Dear Judge Rosenthal:

We write on behalf of Plaintiff Petrobras America Inc. ("Petrobras") in response to the letter submitted yesterday by Defendant Samsung Heavy Industries Co., Ltd. ("Samsung"). Samsung seeks to adjourn the date for its response to Petrobras's document requests until after its objections are heard at the conference with the Court on August 26, 2019. For the reasons that follow, this request should be denied. In the alternative, we ask that the Court adjourn the deadline by which Petrobras must file its amended complaint until after this dispute is resolved.

Petrobras has already moved to compel production of these documents in an effort to avoid any dispute about the nondisclosure agreement involving the documents Samsung provided to Petrobras from its arbitration with Ensco. *See* D.E. 35. Petrobras plans to cite many of these same documents in its amended complaint due August 12, 2019 to support of its claims under RICO and Texas state law. *See* D.E. 35 at 4-7. Samsung cannot cite any burden in producing the documents, as they have already been collected for the Ensco arbitration. Furthermore, Samsung's counsel has advised that it is unlikely there are any additional documents to be retrieved because Samsung has a three-year document retention policy and presumably destroyed any other responsive documents before the arbitration commenced.

In contrast, Petrobras would be unfairly prejudiced if it is unable to reference these documents in its amended complaint. The documents lay out in clear terms how Samsung orchestrated the bribery scheme at issue to induce rogue Petrobras officials to enter a drilling services contract that Petrobras did not need. *See* D.E. 35 at 4-7. As a result, Petrobras paid hundreds of millions of dollars to deploy a drillship that it ultimately had to place on standby due to lack of production.

Samsung cites the Court's Order adjourning the deadlines for the Court's Mandatory Initial Discovery Pilot Project, but that Order does not preclude Rule 34 requests. *See St. Louis Group, Inc. v. Metals & Additives Corp*., 275 F.R.D. 236, 240 n.5 (S.D. Tex. 2011) (observing that the Advisory Committee note to Rule 26(d) states that early discovery is appropriate where personal jurisdiction is challenged). Indeed, it would be unfair for Samsung to withhold these documents on that basis while at the same time moving to dismiss Petrobras's claims on the basis that they are unsupported by the evidence they seek to limit. Samsung's request to adjourn its response date for this discovery should be denied.

If the Court determines that this issue should be heard at the August 26, 2019 conference, Petrobras respectfully requests that the deadline for the amended complaint be adjourned until after that conference.

Respectfully submitted,

*/s/ Jonathan J. Walsh*

Jonathan J. Walsh