IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETROBRAS AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1410 |
| | § | |
| SAMSUNG HEAVY INDUSTRIES CO., LTD., | § | |
| | § | |
| Defendant. | § | |

# ORDER

In March 2019, Petrobras America, Inc. sued Samsung Heavy Industries Co., Ltd. in Texas state court, asserting claims under RICO and for fraudulent inducement and implicit fraud. (Docket Entry No. 1-3). Samsung removed and moved to dismiss Petrobras's petition for failure to state a plausible claim in May 2019. (Docket Entry Nos. 1, 13). Instead of responding to Samsung's motion to dismiss, Petrobras moved for an extension of time to file an amended complaint, which the court granted in June 2019. (Docket Entry Nos. 27, 28). Petrobras moves for leave to refer in its amended complaint to documents that contain confidential information covered by a nondisclosure agreement the parties signed in 2017. (Docket Entry No. 35). Samsung responded, and Petrobras replied. (Docket Entry No. 37, 38). Based on a careful review of the pleadings; the motion, response, and reply; the record; and the applicable law, the court denies Petrobras's motion for leave to refer to the documents at issue. (Docket Entry No. 35).

Petrobras alternatively asks the court to enforce discovery requests it served on Samsung under Federal Rules of Civil Procedure 26 and 34. (*Id.* at 9). Responding that the requests are premature, Samsung has refused to produce the documents. (Docket Entry No. 38 at 5). The

court will hear argument on Petrobras's requests for production at the initial conference set for **August 26, 2019, at 8:30 a.m.** Petrobras must submit a premotion dispute letter on this issue no later than **August 16, 2019**. Samsung must respond no later than **August 21, 2019**, and Samsung may reply no later than **August 23, 2019**. Petrobras's deadline to file an amended complaint is continued pending the resolution of the parties' discovery dispute.

**I.      Referring to the Documents**

In July 2017, Petrobras and Samsung were defendants in separate arbitration proceedings against affiliates of Ensco Rowan plc. (Docket Entry No. 36-1 at 1). That month, Petrobras and Samsung entered into a nondisclosure agreement to share and make confidential documents relating to the Ensco arbitrations, including "written submissions and exhibits"; "witness statements and exhibits"; "experts reports and exhibits"; certain schedules; and the tribunal's orders or awards. (*Id.* at 1–2). The agreement required Petrobras to share the documents with Samsung but prohibited Petrobras from disclosing them "to any third party," except:

   a. Petrobras' Counsel;

   b. The members of the tribunal appointed in the Ensco-Petrobras Arbitration, persons assisting such members, and administrative personnel involved in the Ensco-Petrobras Arbitration (including court reporters, interpreters, and videographers);

   c. Witnesses, experts, or other persons who in the reasonable and good-faith opinion of Petrobras' Counsel may appear as witness or expert in the Ensco-Petrobras Arbitration;

   d. In-house counsel, employees, officers and directors of Petrobras, provided that such persons are directly involved in the Ensco-Petrobras Arbitration;

   e. Persons that have been engaged by Petrobras or Petrobras' Counsel for purposes of translating, photocopying, document storage, or other similar litigation-support activities in connection with the Arbitration;

   f. Any other person, with the prior written consent of [Samsung];

> g. Any other person, if such disclosure is required by law in the reasonable opinion of Petrobras' counsel, provided however that Petrobras shall promptly notify [Samsung] of any such disclosure obligation prior to such disclosure, and provided further that Petrobras shall cooperate with [Samsung] in reasonable efforts to protect the confidential status of the Ensco-[Samsung] Arbitration Materials.

(*Id.* at 2, 4).

Section 4 of the nondisclosure agreement, "Use of the Arbitration Materials," reads:

> The Ensco-Petrobras Arbitration Materials disclosed pursuant to this Agreement may be used by [Samsung] or any Recipient solely in connection with the Ensco-[Samsung] Arbitration and may not be used for any other purpose.
>
> The Ensco-[Samsung] Arbitration Materials disclosed pursuant to this Agreement may be used by Petrobras or any Recipient solely in connection with the Ensco-Petrobras Arbitration and may not be used for any other purpose.

(*Id.* at 3). English law governs the agreement, and the parties must arbitrate all "disputes arising out of or in connection with the [agreement in London] under the Rules of the London Court of International Arbitration." (*Id.* at 5).

Petrobras asks for an order allowing it to refer in its amended complaint to the following documents covered by the agreement:

- "Samsung emails, notes and letters cited in the Partial Award";

- "the contracts cited in the Partial Award";

- "the Power of Attorney issued by Samsung's representative in connection with" a drillship at issue in the Ensco-Samsung arbitration; and

- "the confirmation letter sent from Samsung to [Ensco] in January 2008 regarding the construction of the [drillship]."

(Docket Entry No. 35 at 3–4).

Relying on *Caringal v. Karteria Shipping, Ltd., et al.*, No. 99-3159, 2001 WL 874705, at *1 (E.D. La. Jan. 24, 2001), Petrobras argues that English law gives the court discretion to order disclosure if the documents are relevant, and if "disclosure is necessary for disposing fairly of the

3

cause or matter or for saving costs." *Id.* (quoting *Hassneh Ins. Co. of Isr. & Others v. Stuart J. Mew*, 2 Lloyd's Rep. 243 (1993)). Petrobras also argues that it may refer to the documents under the nondisclosure agreement's exception for disclosure "required by law," if this court issues an order allowing Petrobras to do so. (Docket Entry No. 35 at 7).

Petrobras argues that the documents should be produced under England's disclosure rule, because the documents contain critical information that Petrobras wants to refer to in responding to Samsung's motion to dismiss. (*Id.* at 8). Samsung's motion to dismiss contends that Petrobras's state-court petition neither satisfies Federal Rule of Civil Procedure 9(b) nor alleges facts showing that the court has personal jurisdiction over Samsung. (Docket Entry No. 13). According to Petrobras, referring to the documents in its amended complaint will cure these deficiencies, because they show that "Samsung officials orchestrated [a] bribery scheme from Samsung's Houston office" and a "direct connection between the bribery scheme and [a] drilling services contract Petrobras entered [into] but did not need." (Docket Entry No. 35 at 5). Petrobras argues that it would be "unfair to prohibit the use of these documents . . . while allowing Samsung to advance its arguments for dismissal." (*Id.* at 6).

Petrobras's arguments lack merit. First, *Caringal* is distinguishable. In that case, the parties disputed whether documents relating to an arbitration under English law could "be produced without breaching the duty of confidentiality that attaches to an [English] arbitration." *Caringal*, 2001 WL 874705, at *1. The *Caringal* parties disagreed on whether a discovery request implicated an implied duty to keep arbitration materials confidential. *Id.* A separate nondisclosure agreement was not involved.

Petrobras cited, but did not discuss, *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664 (7th Cir. 2009). That case is also distinguishable. In *Gotham*, the plaintiff sought to

enforce a subpoena that required the production of documents subject to a nondisclosure agreement arising from a past arbitration. *Id.* at 665. The district court compelled the documents' production, and the Seventh Circuit affirmed. The appellate court found that the parties, like Petrobras and Samsung, "were entitled to agree that they would not voluntarily disclose any information related to the arbitration." *Id.* (emphasis omitted). In other words, the "parties promised to keep their mouths (and files) shut unless a subpoena required a turnover." *Id.* at 666. The court held that "the subpoena was properly enforced." *Id.* Rather than support Petrobras's position, *Gotham* stands for the proposition that parties can contract to forgo using certain documents—even in private lawsuits that they file—unless a legal duty, such as a subpoena or other court order, compels disclosure. *See id.* at 665 ("Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off.").

As to Petrobras's fairness argument, Samsung correctly argues that Petrobras "cannot claim that it is required by law to incorporate the Arbitration Materials into its pleadings in a private lawsuit it brought against [Samsung]." (Docket Entry No. 34 at 3). *ITT Educational Services, Inc. v. Arce*, 533 F.3d 342 (5th Cir. 2008), is instructive. ITT sued 14 former students to enforce an enrollment agreement's confidentiality provision. *Id.* at 343–44. The former students, except for Joel Rodriguez, initiated arbitration proceedings against ITT in February 2005. *Id.* at 344. In June 2006, the students prevailed. *Id.* Rodriguez demanded arbitration the next month and told ITT that he "planned to rely upon evidence and findings from the [earlier] arbitration." *Id.* ITT sought an injunction in federal court and, after a bench trial, the Southern District of Texas held that the confidentiality provision was binding and enjoined the students

5

from "revealing any aspect of the . . . arbitration proceedings, including any rulings, decisions, or awards by the Arbitrator." *Id.* The students appealed. *Id.*

The Fifth Circuit affirmed, rejecting the argument Petrobras advances now, "that the permanent injunction deprive[d] Rodriguez of the right to introduce all relevant and admissible evidence, including evidence developed in past proceedings, thereby hampering his ability to prove his case." *Id.* at 347. The court reasoned that:

> Rodriguez's alleged burden is exactly what he voluntarily contracted for when he signed the Enrollment Agreement and initiated the pending arbitration against ITT pursuant to the confidentiality provision. Rodriguez's burden is not heightened by our decision and he is free to pursue his case in the same manner as any other litigant; we merely hold that he may not rely upon confidential evidence developed during the [earlier] proceeding.

*Id*; *see Vringo, Inc. v. ZTE Corp.*, No. 14-CV-4988 (LAK), 2015 WL 3498634, at *6 (S.D.N.Y. June 3, 2015) ("To begin with, ZTE does not—and could not—claim that Chinese or any other law required it to bring its private lawsuit against Vringo. If in fact Chinese law would have required disclosure of Confidential Information in any such complaint, ZTE could have complied with Chinese law by not filing the action." (emphasis omitted)). The court also held that the confidentiality agreement was "not unconscionable or otherwise contrary to public policy." *ITT*, 533 F.3d at 348.

*ITT* controls. Petrobras's "alleged burden is exactly what [it] voluntarily contracted for when [it] signed the [nondisclosure agreement] and initiated the pending [lawsuit] against [Samsung]." *Id.* at 347. No legal duty requires Petrobras to refer to the documents at issue, and an order from this court allowing Petrobras to do the same would "effectively gut[] the" nondisclosure agreement. (Docket Entry No. 34 at 4).

Petrobras's motion for leave to refer to the documents covered by the nondisclosure agreement, (Docket Entry No. 35), is denied.

## II.     Producing the Documents

Petrobras alternatively asks the court to enforce discovery requests it served on Samsung under Federal Rules of Civil Procedure 26 and 34, seeking to have the documents produced. (Docket Entry No. 35 at 9).  Samsung responds that the court's April 22, 2019, order allows the parties to "serve requests for production . . . only after receiving and reviewing the initial discovery responses served [under] the Mandatory Initial Disclosure Pilot Project," and that the court's April 25, 2019, Order deferred Samsung's initial disclosure "responses until 30 days after the responsive-pleading deadline that will be set once [Samsung]'s pending motion to dismiss has been resolved."  (Docket Entry No. 38 at 5).  The parties' briefs largely focused on Petrobras's request to refer to the documents, not on this discovery dispute.  Because this issue was not fully briefed or argued at the July 9, 2019, hearing, the court will hear argument on it at the initial conference set for **August 26, 2019, at 8:30 a.m.**  Petrobras must submit a premotion dispute letter on this issue no later than **August 16, 2019**.  Samsung must respond no later than **August 21, 2019**, and Samsung may reply no later than **August 23, 2019**.  Petrobras's deadline to file an amended complaint is continued pending the resolution of the parties' discovery dispute.

SIGNED on August 9, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge