CURTIS

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Almaty
Beijing
Buenos Aires
Dubai
Frankfurt
Geneva
Houston
London
Mexico City
Milan
Muscat
Nur-Sultan
Paris
Rome
Washington, D.C.

101 Park Avenue
New York, New York 10178-0061

**Telephone +1 212 696 6000**
**Facsimile +1 212 697 1559**
www.curtis.com

**Jonathan J. Walsh**
Tel: +1 212 696 8817
Fax: +1 917 368 8917
E-Mail: jwalsh@curtis.com

August 16, 2019

**VIA ECF ONLY**

The Honorable Lee H. Rosenthal
515 Rusk Street
Room 11535
Houston, Texas 77002

**Re:** ***Petrobras America Inc. v. Samsung Heavy Industries Co., Ltd.*, Case No. 4:19-cv-01410 (LHR)**

Dear Judge Rosenthal:

In accordance with the Court's August 9, 2019 Order [D.E. 41][1] and Your Honor's Procedure No. 4, Plaintiff Petrobras America, Inc. ("Petrobras") respectfully submits this letter and requests that the Court (i) declare Petrobras' Rule 34 document requests to Defendant Samsung Heavy Industries Co., Ltd. ("Samsung") to have been timely served and effective, and (ii) order Samsung to produce the documents sought by Petrobras' Rule 34 requests.

The Federal Rules of Civil Procedure provide: "More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered … to that party by any other party." Fed R. Civ. P. 26(d)(2). The requests are "considered to have been served at the first Rule 26(f) conference." *Id.* Samsung was served with citation and process on March 26, 2019. [*See* D.E. 1-3.] The parties held a Rule 26(f) conference on May 30, 2019. [*See* D.E. 20 at 1.] Petrobras then served its Rule 34 requests on Samsung on July 9, 2019. Because Petrobras served its requests more than 21 days after Samsung was served and after the parties' Rule 26(f) conference, Petrobras' early Rule 34 requests were timely and Samsung is required to respond to them. Fed R. Civ. P. 26(d)(2).

Samsung asserts that discovery is barred by the Court's Order dated April 25, 2019, that extended Samsung's deadline to submit initial disclosures. But the Order does not bar early Rule

[1] The Court's August 9, 2019 Order states that "Samsung must respond no later than August 21, 2019, and Samsung [sic] may reply no later than August 23, 2019." [D.E. 41 at 7.] Petrobras understands the Court's order to allow a reply from Petrobras on August 23, 2019.

34 requests. "[A] party receiving initial disclosures *may* serve requests pursuant to Rule 34." [*See* D.E. 4 at § II(7) (emphasis added).]

Moreover, Samsung requested this extension on the basis that it was contesting personal jurisdiction.[2] [*See* D.E. 6 at 2.] The very documents Petrobras seeks relate to the issue of personal jurisdiction and would enable Petrobras to establish the Court's jurisdiction over Samsung. Federal courts have held—and the Advisory Committee that wrote and edited Federal Rules of Civil Procedure 26 and 34 has advised—that early discovery requests should be allowed where personal jurisdiction is challenged. Indeed, the Federal Rules of Civil Procedure broadly favor jurisdictional discovery. Early discovery is particularly important in cases raising personal jurisdiction issues. To allow Samsung to benefit from an extension of time to file its initial disclosures—while simultaneously avoiding responding to timely document requests—would unfairly deprive Petrobras of the opportunity to meaningfully address Samsung's personal jurisdiction arguments.

Samsung has also argued that even if Petrobras' Rule 34 requests are timely, the documents Petrobras seeks are protected from disclosure by the parties' NDA, entered in connection with arbitrations arising from the same events at issue here. On this point too Samsung is wrong. The NDA governs "documents *from the Ensco-[Samsung] Arbitration*: (1) written submissions and exhibits; (2) witness statements and exhibits; (3) expert reports and exhibits; (4) Redfern Schedules; and (5) any Orders or Awards." [D.E. 36-1 at ¶ 1(c) (emphasis added).] Petrobras does not seek documents "from" the Ensco-Samsung arbitration. Petrobras seeks documents concerning the drillship at issue in this case, which documents Samsung is required to produce irrespective of the NDA. *See* Petrobras Rule 34 Requests, attached hereto as Ex. A. These documents are also probative of the issue of personal jurisdiction. Nothing in the NDA or the case law previously cited by Samsung precludes their production in this case. Nor can Samsung cite any prejudice in producing the documents at this stage. In contrast, Petrobras would suffer irreconcilable prejudice if it cannot cite to these documents in its amended complaint. [*See* D.E. 35 at 4-7.]

Because Petrobras' Rule 34 requests to Samsung were timely served and are effective, Petrobras respectfully requests that the Court order Samsung to comply with the requests.

Respectfully submitted,

/s/ Jonathan J. Walsh

Jonathan J. Walsh

---

[2] Petrobras intended to oppose Samsung's motion for extension of time to file its initial disclosures, but the Court ruled on Samsung's motion before Petrobras filed its opposition.