# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,** | § | **Case No. 4:19-cv-01410 (LHR)** |
| ***Plaintiff*,** | § | |
| **v.** | § | |
| **SAMSUNG HEAVY INDUSTRIES CO., LTD.,** | § | |
| ***Defendant.*** | § | |

**PETROBRAS AMERICA, INC.'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Petrobras America, Inc., by and through its attorneys, propound the following Requests for the Production of Documents (individually, a "Request," and collectively the "Requests"), to Defendant Samsung Heavy Industries Co., Ltd. Per Rule 26(b)(2)(A), Defendant shall have thirty (30) days from the service of these Requests to respond. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed to be continuing if Defendant discovers further documents or things responsive hereto. Defendants should promptly produce such documents to Plaintiff.

# DEFINITIONS

Each of these definitions is incorporated into each of the Document Requests and into each of the other definition to which it pertains.

1. "Samsung," "you," and "your" means Samsung Heavy Industries Co., Ltd. and each of its parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

2. The terms "all," "each," and "any" shall be construed to mean all, each, every, and any. "Any" and "all" are used in their inclusive sense.

3. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed outside the scope.

4. "Affiliate" means any of an entity's parents, subsidiaries, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on its behalf.

5. "Barvella" means Barvella Holdings Corp. and each of its parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

6. "Camargo" means Julio Camargo or any person acting on his behalf.

7. "Cerveró" means Nestor Cerveró or any person acting on his behalf.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9. "Concerning" means relating to, referring to, bearing upon, describing, evidencing, or constituting, and should be construed in the broadest possible sense to bring within the scope of Discovery Request all responses that might otherwise be construed outside the scope.

10. "Construction Contract" means that certain Contract for Construction and Sale of a Drillship between Pride and Samsung and all amendments and modifications thereto.

11. "Document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and means the original or copies all written, printed, typed, electronically stored, recorded, or graphic matter, photographic matter, or sound reproduction, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the foregoing, the term "document" includes correspondence, reports, tests, analyses, studies, contracts, agreements, term sheets, letters, telegrams, mailgrams, memoranda, interoffice or intra-office communications, memoranda for files, memoranda of telephone or other conversations or meetings, any type of transcript (including chat logs, conference calls and television interviews), press releases, statements, financial models, calendars, appointment books, schedules, bulletins, checks, invoices, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, notebooks, work papers, drawings, graphs, charts, photographs, phone records, video or voice recordings, electronic tapes, printouts, data cards, and other data compilations from which information can be obtained, which are in the possession, custody or control of Samsung or its

counsel. "Documents" also shall include all electronic data including e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents listed above, whether stored on a personal computer, network computer system, backup computer tape, server, and/or disk, or by some other storage mechanism or database. "Documents" includes any materials presented or submitted to Petrobras by Samsung. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals, copies, or drafts, shall be considered to be separate documents.

12. "DS-5" means the dynamically positioned deepwater drillship Ensco DS-5, IMO Number 9499840, and each of its owners, operators, shipping agents or brokers, captain, or crew as well as any such entity's parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

13. "DSC" means that certain Agreement for the Provision of Drilling Services between Pride and Petrobras and all amendments and modifications thereto.

14. "Duque" means Renato de Souza Duque or any person acting on his behalf.

15. "Ensco" means Ensco Deepwater USA, Inc. and each of its parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

16. "Goodall" means Goodall Trade Inc. and each of its parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

17. "Padilha" means Hamylton Padilha or any person acting on his behalf.

18. "Petrobras" means Petrobras America, Inc. and each of its parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

19. "Pride" means Pride Deepwater USA, Inc. and each of its parents, subsidiaries, affiliates, historic predecessors, officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisors, bankers, experts, or any person acting on their behalf.

20. "Schmidt" means Raul Schmidt Felippe Júnior or any person acting on his behalf.

## INSTRUCTIONS

Each of these instructions is incorporated into each of the Document Requests.

These Document Requests are continuing requests pursuant to Federal Rule of Civil Procedure 26(e). You shall promptly produce any and all responsive documents that are received, discovered or created after any of your responses to these Document Requests, or that are otherwise within your possession, custody or control.

These Document Requests apply to all documents in your possession, custody or control, and include documents, wherever located, within your possession, custody or control.

If you object to any part of any of the Document Requests, you shall produce all documents that are responsive to the portions of any of the Document Requests to which the objection does not apply.

If any documents are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute or otherwise), you shall comply with Federal

Rule of Civil Procedure 26(b)(5), and you shall identify each document withheld from production in a written privilege log that provides: (a) the identity of each person who prepared and/or signed the document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the document; (d) the date of the document; (e) the subject matter of the document; (f) the type or nature of the document; and (g) the basis for withholding the document.

If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

In the event that any document called for by these Document Requests has been destroyed or discarded, that document is to be identified in writing by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) its date of destruction or discard, manner of destruction or discard and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of any handwritten mark or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such a document is within your possession, custody or control. A request for any document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

In producing documents, all documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles or by use of dividers, tabs or any other method, shall be left so segregated or separated when produced in response to these Document Requests. Documents shall be produced in the order in which they were maintained and in the file where found. If no document exists that is responsive to a particular request, you shall so state in writing.

Samsung's production of electronic documents responsive to these Document Requests shall meet the technical specifications stated in Exhibit A.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All communications had between Samsung and Petrobras concerning DS-5 during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 2:**

All communications had between Samsung and Pride or Ensco concerning DS-5 during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 3:**

All communications had between Samsung and Petrobras concerning the Construction Contract during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 4:**

All communications had between Samsung and Pride or Ensco concerning the Construction Contract during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 5:**

All communications had between Samsung and Petrobras concerning the DSC during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 6:**

All communications had between Samsung and Pride or Ensco concerning the DSC during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 7:**

All communications had between Samsung and Padilha concerning DS-5 during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 8:**

All communications had between Samsung and Padilha concerning the Construction Contract during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 9:**

All communications had between Samsung and Padilha concerning the DSC during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 10:**

All your documents and communications, whether internal or external, concerning the payment of any commission to Padilha during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 11:**

All your documents and communications, whether internal or external, referencing Schmidt during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 12:**

All your documents and communications, whether internal or external, referencing Camargo during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 13:**

All your documents and communications, whether internal or external, referencing Cerveró during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 14:**

All your documents and communications, whether internal or external, referencing Duque during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 15:**

All your documents and communications, whether internal or external, concerning any broker fee or commission fee to be paid in connection with DS-5 during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 16:**

All your documents and communications, whether internal or external, concerning any broker fee or commission fee to be paid in connection with any Petrobras drillship during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 17:**

All your documents and communications, whether internal or external, concerning any payment, transfer, or wire to Barvella during the period between December 31, 2006 and January 5, 2016.

**DOCUMENT REQUEST NO. 18:**

All your documents and communications, whether internal or external, concerning any payment, transfer, or wire to Goodall during the period between December 31, 2006 and January 5, 2016.

Dated: July 9, 2019
Houston, Texas

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/ Eric J. Cassidy

Eric J. Cassidy
Tex. Bar No. 24031807
S.D Tex. No. 30001
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77002
Tel. (713) 759-9555
ecassidy@curtis.com

Jonathan J. Walsh (*pro hac vice*)
Samuel Ballard (*pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
jwalsh@curtis.com
sballard@curtis.com

***Attorneys for Plaintiff Petrobras America, Inc.***

**EXHIBIT A**

1. Electronically stored information in Microsoft Excel format or in databases such as QuickBooks, Microsoft Access, Microsoft SQL or Oracle, shall be produced in native format. A placeholder TIFF image should be created and bates numbered. The above native files should be renamed to the bates number on its corresponding placeholder page, except for redacted spreadsheets which may be produced in TIFF format. All black and white electronically stored information shall be produced as single page TIFF files in Group IV format imaged at 300 DPI. All colored electronically stored information Documents will be produced as single-page, 300 DPI with a minimum quality level of 75, 24-bit, color JPG images. The full text of all such information shall be processed and extracted into a text file named to the first page of the bates number. All electronically stored information shall be produced with the following extracted data fields:

| Field Date | Description | (Comments) | Field Type |
|---|---|---|---|
| StartBates (BegDoc#) | StartBates Production number | | Limited Text |
| EndBates (EndDoc#) | EndBates Production number | Include prefix and padding | Limited Text |
| BegAttach | Beginning unique identification number for any attachment or range of attachments | Include prefix and padding | Limited Text |
| EndAttach | Ending unique identification number for any attachment or range of attachments | Include prefix and padding | Limited Text |
| Custodian | Custodian or Source of Document | | Full Text |
| Source | The source/device from which the item was collected | | Limited Text |
| MediaSource | Document Type | | Limited Text |
| Record Type | Email, Attachment, eFile, Scanned Image | | Limited Text |
| PageCount | Number of Pages | | Limited Text |
| DateSent | Date Email was Sent (MMDDYYYY) | | Date |
| TimeSent | Time Message Sent | | Date |

| | | | |
|---|---|---|---|
| TimeLastModified | Last modified time (HH:MM) of electronic file | | Time |
| DateLastModified | Last modified date (MMDDYYYY) of electronic file | | Date |
| Last Edited By | The name of the last person to edit the Document from the extracted metadata | | Time |
| TimeCreated | Time (HH:MM) Created | | Date |
| DateCreated | Date (MMDDYYYY) Created | | Date |
| DateLastAccessed | Date (MMDDYYYY) file last accessed | | Date |
| Hash Value | MD5 Hash Value (specify if SHA-1 used) | | Limited Text |
| FileName | File name of the file (or parent PST for email) | Will be blank for email | Full Text |
| FileSize | File size (as bytes) | | Limited Text |
| Doc Ext | The Document extension of the Document | Will be blank if 0 | Limited Text |
| Subject | Subject line of Email | Will be blank for Files | Full Text |
| From | Sender | Will be blank for Files | Full Text |
| To | Recipient [Delimited list] | Include multivalue; will be blank for Files | Full Text |
| Cc | Cc [Delimited list] | Include multivalue; will be blank for Files | Full Text |
| Bcc | Bcc [Delimited list] | Include multivalue; will be blank for Files | Full Text |
| Conversation Thread | ID used to tie together e-mail threads | | Limited Text |
| Author | Information contained in the author field, if any | | Full Text |
| DocTitle | Information contained in the title field, if any | | Full Text |
| Confidentiality | Confidentiality designation of the Document | Include multivalue separated by ; | Multi-Choice Field |
| SourcePath | Data's source path information; where file was stored on custodian's hard drive or network resource | Will be blank for email | Full Text |
| EmailFolder | Email folder path (sample: Inbox\active) [Blank for Files] | | Full Text |
| NativeLink | Full path to a native copy of a Document | | |

2. Electronic Documents should be produced using Concordance Metadata Load Files (.DAT). Load files should contain one line per Document and should have the field names as the first row of data. Field delimiters should be ASCII_20 and ASCII_254.

3. An Image Index File should be produced either in Opticon (.OPT) or IPRO (.LFP) format. The Opticon or IPRO Image Index File should conform to the following examples for format and delimiters:

a. Opticon Format:

BatesPage,VolumeName,TiffPath\TiffFileName.tif,NewDocIndicator,,,PageCount

b. Opticon Example:

ABC0000001,VOL001,D:\VOL001\IMAGES\001\ABC0000001.TIF,Y,,,3
ABC0000002,VOL001,D:\VOL001\IMAGES\001\ABC0000002.TIF,Y,,,,
ABC0000003,VOL001,D:\VOL001\IMAGES\001\ABC0000003.TIF,Y,,,,
ABC0000004,VOL001,D:\VOL001\IMAGES\001\ABC0000004.TIF,Y,,,2
ABC0000005,VOL001,D:\VOL001\IMAGES\001\ABC0000005.TIF,Y,,,,

c. IPRO Format:

IM,BatesNumber,D or C [*i.e. Document or Child*; *blank if the Document has two or more pages*],@Volumename;TiffPath;TifFileName.tif;2,0 [*Note that (2,0) is the code for a .tif file or (4,0) is the code for a .jpg file. These are the last three characters on an IPRO .LFP line.*]

d. IPRO Example:

IM,ABCD0000015,D,0,@ABCD001;Images\001;ABCD0000015.tif;2,0
IM,ABCD0000016, ,0,@ABCD001;Images\001;ABCD0000016.tif;2,0
IM,ABCD0000017, ,0,@ABCD001;Images\001;ABCD0000017.tif;2,0
IM,ABCD0000018,D,0,@ABCD001;Images\001;ABCD0000018.tif;2,0
IM,ABCD0000019,C,0,@ABCD001;Images\001;ABCD0000019.tif;2,0
IM,ABCD0000020, ,0,@ABCD001;Images\001;ABCD0000020.tif;2,0
IM,ABCD0000021, ,0,@ABCD001;Images\001;ABCD0000021.tif;2,0
IM,ABCD0000022, ,0,@ABCD001;Images\001;ABCD0000022.tif;2,0
IM,ABCD0000023,D,0,@ABCD001;Images\001;ABCD0000023.tif;2,0
IM,ABCD0000024, ,0,@ABCD001;Images\001;ABCD0000024.tif;2,0

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Petrobras America Inc.'s Requests for Production of Documents was served by email on July 9, 2019 upon:

Christopher M. Odell
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
*Christopher.Odell@arnoldporter.com*

/s/ Samuel J. L. Ballard
Samuel J. L. Ballard