Arnold & Porter

**Christopher M. Odell**
+1 713.576.2401 Direct
Christopher.Odell@arnoldporter.com

August 21, 2019

The Honorable Lee H. Rosenthal
515 Rusk Street
Room 11535
Houston, Texas 77002

Re: *Petrobras America, Inc. v. Samsung Heavy Industries Co., Ltd.*; Case No. 4:19-cv-01410 (LHR).

Dear Judge Rosenthal:

Pursuant to the Court's August 9, 2019 Order [D.E. 41] and Court Procedure No. 4, Defendant Samsung Heavy Industries Co., Ltd. ("SHI") respectfully submits this letter in response to Plaintiff Petrobras America, Inc's ("Petrobras") request that the Court enforce the Rule 34 requests for production that Petrobras served on SHI on July 9, 2019 ("Rule 34 Requests").

The Rule 34 Requests are premature and should not be enforced at this time. On April 22, 2019, the Court unequivocally postponed discovery under Federal Rules of Civil Procedure 30-36 and 45 until after the parties serve responses under the Court's Mandatory Initial Discovery Pilot Project ("MIDPP"). *See* Notice to the Parties (Apr. 22, 2019) [D.E. 4] at 2-3 ("*After* the Mandatory Initial Discovery Pilot responses have been served, discovery under Fed. R. Civ. P. 30-36 and 45 may begin.") (emphasis added); *see also* MIDPP Order (Apr. 22, 2019) [D.E. 4] at 7, 11, II(7) (allowing issuance of requests for production under Rule 34 *after* service of MIDPP responses). On April 25, 2019, the Court deferred the deadline for the parties to exchange MIDPP responses until after the Court's resolution of SHI's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6). *See* Order Granting Extension of Time (Apr. 25, 2019) [D.E. 8]. Thus, under the Court's own orders, SHI need not respond to any Rule 34 Requests unless and until Petrobras' pleading survives a motion to dismiss.

Petrobras' request for broad merits-based discovery is especially improper, given that Petrobras admits it has not stated a claim against SHI. *See* Petrobras's Reply Brief (July 29, 2019) [D.E. 37] at 1 (asserting that in order to satisfy its pleading burden, Petrobras requires permission to use certain confidential documents in an amended pleading). *See also* Court Order (Aug. 9, 2019) [D.E. 41] (denying Petrobras' motion to use those documents in an amended pleading).[1]

---

[1] As explained in SHI's opposition to Petrobras' motion to use confidential documents [D.E. 38], even with the documents Petrobras expressly agreed not to use in this litigation, Petrobras still cannot state a plausible claim for relief or establish personal jurisdiction over SHI.

Arnold & Porter



The U.S. Supreme Court has cautioned that a pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). For this reason, courts in this district have repeatedly recognized that a plaintiff "is not entitled to discovery until he states a plausible claim under Rule 12(b)(6)." *Lezzar v. Heathman*, No. 4:11-CV-4168, 2012 WL 4867696, at *10 (S.D. Tex. Oct. 11, 2012) (Harmon, J.) (citing *Iqbal*, 556 U.S. at 678-79); *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, No. C-12-074, 2012 WL 3260233, at *8 (S.D. Tex. July 2, 2012) ("Unless and until [Plaintiff] presents enough facts to overcome a Rule 12(b)(6) or Rule 12(c) motion, it makes no sense to proceed with discovery because the truth of those alleged facts would not warrant legal recourse.").

Petrobras's attempt to couch the Rule 34 Requests as "early Rule 34 requests" under Federal Rule of Civil Procedure 26(d)(2) is misleading. *See* Petrobras's Letter (Aug. 16, 2019) [D.E. 42]. Rule 26(d)(2) merely supplies an exception to the general rule that "a party may not seek discovery . . . before the parties have conferred as required by Rule 26(f)." *See* Fed. R. Civ. P. 26(d)(1). Here, however, Petrobras served the Rule 34 Requests on July 9, 2019, *after* the parties' May 30, 2019 Rule 26(f) conference. Indeed, Petrobras served the Rule 34 Requests hours after the July 9, 2019 discovery conference at which this Court declined to grant Petrobras' request to use confidential documents in an amended pleading. The Rule 34 Requests therefore should be seen for what they are: a backdoor attempt to make available in this litigation the confidential documents—already in Petrobras' possession—that Petrobras voluntarily agreed not to use.

The Rule 34 Requests are also overbroad. They go beyond the one drillship referenced in the Original Petition (the "DS-5") and seek discovery with respect to "any Petrobras drillship." *See* Request 16. This scope is not supported by any pleading. The time period covered by the Requests is overbroad as well, extending through 2016—more than five years after the last alleged act by SHI and more than two years after the "Operation Car Wash" corruption scandal involving Petrobras splashed across the news and was acknowledged by Petrobras itself.

As the Court's prior orders recognize, discovery should await resolution of SHI's motion to dismiss, which will either dispose of the entire case or inform the appropriate scope of discovery.

Arnold & Porter



Respectfully submitted,

Christopher M. Odell