CURTIS

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Almaty
Beijing
Buenos Aires
Dubai
Frankfurt
Geneva
Houston
London
Mexico City
Milan
Muscat
Nur-Sultan
Paris
Rome
Washington, D.C.

101 Park Avenue
New York, New York 10178-0061

**Telephone +1 212 696 6000**
**Facsimile +1 212 697 1559**
www.curtis.com

**Jonathan J. Walsh**
Tel: +1 212 696 8817
Fax: +1 917 368 8917
E-Mail: jwalsh@curtis.com

August 23, 2019

**VIA ECF ONLY**

The Honorable Lee H. Rosenthal
515 Rusk Street
Room 11535
Houston, Texas 77002

**Re:** ***Petrobras America Inc. v. Samsung Heavy Industries Co., Ltd.*****,**
**Case No. 4:19-cv-01410 (LHR)**

Dear Judge Rosenthal:

In accordance with the Court's August 9, 2019 Order [D.E. 41][1] and Your Honor's Procedure No. 4, Plaintiff Petrobras America, Inc. ("Petrobras") respectfully submits this letter in reply to Defendant Samsung Heavy Industries Co., Ltd.'s ("Samsung") letter to the Court, filed August 21, 2019. [D.E. 44].

Contrary to Samsung's position, the Rule 34 requests that Petrobras served on Samsung were timely and should be enforced. Samsung requested a postponement of the date to submit its initial disclosures under the Court's Mandatory Initial Discovery Pilot Project ("MIDPP") on the express basis that it was challenging the Court's personal jurisdiction over Samsung. [D.E. 6.] The Court granted Samsung's request, but did not relieve Samsung of its responsibility to respond to Rule 34 requests. Indeed, the two sentences in the MIDPP Notice that Samsung cites both provide that discovery *may* proceed after service of MIDPP responses. Neither provision prohibits Rule 34 discovery before the service of MIDPP responses. This makes sense as both the federal courts and the Advisory Committee for the Federal Rules of Civil Procedure have specifically directed that early discovery is appropriate where a defendant contests personal jurisdiction. [*See* D.E. 35 at 9.]

---

[1] The Court's August 9, 2019 Order states that "Samsung must respond no later than August 21, 2019, and Samsung [sic] may reply no later than August 23, 2019." [D.E. 41 at 7.] Petrobras understands the Court's order to allow this reply from <u>Petrobras</u> on August 23, 2019. Samsung agrees with this reading of the Order.

footnote cont'd on next page

Here Petrobras is seeking discovery (i) demonstrating that Petrobras is subject to personal jurisdiction in this District and (ii) demonstrating known facts that would allow Petrobras to balance its obligations under Federal Rules of Civil Procedure 9(b) and 11(b)(3) to plead specific facts to support its claims under the applicable heightened pleading standard.[2] Samsung has already argued in its initial motion to dismiss that it is not subject to personal jurisdiction here and that Petrobras cannot meet its burden to plead its claims with particularity.[3] [D.E. 13 at 9.] The discovery at issue is relevant to both personal jurisdiction and the claims that sound in fraud. The Court should direct Samsung to respond to these early Rule 34 requests in advance of Petrobras' deadline for filing the amended complaint, which currently stands in abeyance pending the outcome of this discovery dispute.

We note that in one case cited by Samsung, *Oldendorff Carriers HmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, No. C-12-074, 2012 WL 3260233, at *8 (S.D. Tex. July 2, 2012), discovery on jurisdictional issues was later allowed in the case. *See* No. C-12-74, 2012 U.S. Dist. LEXIS 145949, at *4-5. There the court correctly held that "[w]hen a factual question governs the Court's jurisdiction, the Plaintiff must have ample opportunity to secure and present evidence relevant to the jurisdictional question." *Id.* at *4 (citation omitted).

Finally, the Rule 34 requests are not overly broad. The requests are circumscribed to seek documents that (i) will demonstrate that the transaction in question was orchestrated by Samsung in Houston, and that Samsung is subject to personal jurisdiction in Houston, and (ii) the particulars of Samsung's fraudulent scheme, which Petrobras must plead in compliance with Rule 9(b). Both are appropriate bases for early discovery, and would streamline rather than delay these proceedings.

Petrobras' Rule 34 requests to Samsung should be deemed timely and should be enforced.

---

[2] The Supreme Court has observed that RICO claims may give rise to a situation where Rule 11(b)(3) provides flexibility to overcome Rule 9(b). *See Rotella v. Wood*, 528 U.S. 549, 560 (2000). Thus, even if Petrobras filed its amended complaint under the protection of the promise of future discovery, it would avoid penalty under Rule 11 on the basis that *further investigation or discovery* would makes its claims compliant with Rule 9(b). Because the Federal Rules are to apply "to secure the just, speedy, and inexpensive determination of every action" (Fed. R. Civ. P. 1), and because "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" (Fed. R. Civ. P. 12(d)), it is appropriate to allow discovery before Petrobras files its amended complaint to prevent Samsung from arguing bases for dismissal it knows would be resolved through discovery.

[3] Contrary to Samsung's assertions, Petrobras has in no way conceded the plausibility of its claims under Rule 12(b)(6). Rather, Petrobras is subject to Rule 9(b) following this case's removal to federal court and must plead its RICO and Texas fraud claims with particularity.

Respectfully submitted,

/s/ Jonathan J. Walsh

Jonathan J. Walsh