IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETROBRAS AMERICA, INC., | § § | Case No. 4:19-cv-01410 |
| *Plaintiff*, | § § | |
| v. | § § | |
| SAMSUNG HEAVY INDUSTRIES CO., LTD., | § § § | |
| *Defendant.* | § | |

**DEFENDANT SAMSUNG HEAVY INDUSTRIES CO., LTD.'S UNOPPOSED MOTION TO CLOSE THE COURTROOM DURING THE ORAL ARGUMENT ON DEFENDANT'S RENEWED MOTION TO DISMISS AND TO SEAL THE HEARING TRANSCRIPT**

Defendant Samsung Heavy Industries Co., Ltd. ("SHI") respectfully submits this Motion to Close the Courtroom During the December 17, 2019 Oral Hearing on SHI's Renewed Motion to Dismiss and to Seal the Hearing Transcript.

**INTRODUCTION**

On August 26, 2019, the Court issued an order permitting Plaintiff, in its Amended Complaint, to "cite documents in its possession containing confidential information covered by a nondisclosure agreement the parties signed, . . . [p]rovided that it does so ***under the protective order and under seal***." ECF No. 48 (emphasis added). Pursuant to the Court's order, Petrobras filed its Amended Complaint and accompanying exhibits, including over a dozen confidential documents, under seal. Subsequently, Defendant filed a Motion to Dismiss the Amended Complaint, Plaintiff filed an opposition, and Defendant filed a reply, all under seal as well.

An oral hearing on SHI's Motion to Dismiss the Amended Complaint is scheduled for December 17, 2019.  SHI has consulted with counsel for Petrobras who has indicated that it may make reference at the hearing to SHI's sealed and confidential documents attached to the Amended Complaint. While SHI appreciates the presumption of public access to the courtroom, it also has a legitimate interest in maintaining the confidentiality of information that Petrobras previously agreed not to disclose and that, if disclosed, could cause economic harm to SHI.  Because this confidential information is so intertwined with the Motion to Dismiss, the only reasonable way to protect SHI's interests is to exclude the public from the oral argument and seal the hearing transcript.

The Agreed Protective Order entered on June 14, 2019 allows any party to move the Court for an order "to prevent and/or limit" the disclosure of confidential information at the parties' hearings. ECF No. 26. at ¶ 18.  Out of an abundance of caution and in the interests of protecting the confidentiality of its information, then, SHI files this motion to close the courtroom and seal the hearing transcript. Alternatively, SHI requests that the courtroom be closed to the public during any discussion of SHI's confidential information and any portion of the hearing transcript recording that discussion sealed. Opposing counsel has indicated it does not oppose this motion.

## LEGAL STANDARD AND ARGUMENTS

### I. Legal Standard

The common law presumption of public access to civil proceedings is not absolute.  *See Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 432 (5th Cir. 1981).  Courts in the Fifth Circuit have discretion to "balance the public's common law right of access against the interests favoring non-disclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). The public access presumption may be outweighed, for example, by a party's interest in protecting confidential business information.  *See Nixon v. Warner Commun., Inc.*, 435 U.S.

2

589, 598 (1978) (observing that courts have refused to permit their files to be used "as sources of business information that might harm a litigant's competitive standing"); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983) ("Where only private commercial interests or damage are involved, we think the law justifies the steps taken by the District Court to [close contempt hearing to the public]."); *Mt. Spelman & Fingerman, P.C. v. GeoTag, Inc.*, 2:14-CV-00013, at 1 (E.D. Tex. Aug. 4, 2015), ECF. No. 116 (granting motion to close courtroom in light of harm that could result from disclosure of nonpublic financial data); *Udoewa v. Plus4 Credit Union*, 754 F. Supp. 2d 850, 884 (S.D. Tex. 2010) (granting motion to seal "financial information of a sort that is often kept confidential"); *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (granting motion to seal "confidential financial data that are normally unavailable to the public" because "[t]he public's interest in access is outweighed here by the Plaintiff's interest in preserving confidentiality"); *New York v. Microsoft Corp.*, CIV.A. 98-1233 (CKK), 2002 WL 650132, at *1 (D.D.C. Apr. 16, 2002) (granting motion to close the close the courtroom because disclosure of "confidential business information would prove detrimental to [company's] competitive standing").

## II. SHI's Interest in Preserving the Confidentiality of the Information Outweighs the Public's Interest in Access At This Time

The Amended Complaint that was filed under seal references and annexes numerous confidential SHI documents, including confidential pricing information, technical specifications, contracts, negotiation strategy, business trip reports, and arbitration awards. (*See, e.g.*, Exs. 9, 10, 11, 12). Prior to the commencement of this action, SHI shared these confidential documents with Petrobras pursuant to an NDA which this Court has recognized in multiple orders. *See, e.g.,* ECF Nos. 41, 48.

Permitting discussion of these confidential materials in open court at the oral argument on SHI's motion to dismiss would not only destroy the protections afforded to SHI in the NDA and this Court's orders. It would also expose SHI to a significant risk of competitive harm. The pricing, technical, financial, and other sensitive information in the documents are not the types of information typically available to the public and could be used by others in the industry to gain an economic advantage over SHI in a highly competitive market. *See, e.g.*, *DISH Network, LLC v. WLAJ-TV, LLC*, CV 16-0869, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017) (sealing distribution agreement with confidentiality provision upon finding that "the competitive disadvantages" that would result from disclosure "outweighs the interest of the public, including competitors" of access); *Udoewa,* 754 F. Supp. 2d at 884; *Flexible Benefits Council*, 2008 WL 4924711 at *1.

In contrast, the public's interest in SHI's documents is limited. At this stage of the litigation, the Court is merely determining the sufficiency of Petrobras' allegations and not the evidence for those allegations. Moreover, and in light of this, the issues that will be raised at the hearing do not implicate questions of public policy but instead only whether Petrobras allegations regarding a commercial transaction state a claim for relief. *See In re Iowa Freedom of Info. Council*, 724 F.2d at 664 ("Where only private commercial interests or damage are involved, we think the law justifies the steps taken by the District Court to [close contempt hearing to the public].").

### III. No Less Restrictive Alternative Will Preserve the Confidentiality of SHI's Confidential Information

Petrobras itself has represented that it would cite the confidential information at issue in its Amended Complaint. *See* Aug. 26, 2019 Hearing Tr. At 7-8. References to confidential information will thus inevitably be made throughout oral argument on SHI's motion to dismiss the

4

Amended Complaint. Accordingly, there is no manageable way for the Court to segregate the confidential from non-confidential portions of the hearing.  SHI sees no reasonable alternative to closure of the courtroom for the duration of the hearing, and sealing of the transcript, as a means of protecting SHI's legitimate, recognized interest in confidentiality, at least while the legal sufficiency of the Amended Complaint is being evaluated.

## CONCLUSION

For the reasons set forth above, SHI respectfully requests that the Court (1) exclude the public from the courtroom during the December 17, 2019 oral hearing on SHI's Motion to Dismiss and (2) seal the transcript of the hearing.  Alternatively, SHI requests that the Court (1) exclude the public from the courtroom during any discussion of SHI's confidential information at the hearing and (2) seal any portions of the hearing transcript recording those discussions. A proposed form of order is attached. Opposing counsel has indicated it does not oppose this motion.

Dated:  December 11, 2019.	Respectfully submitted,

*/s/ Christopher M. Odell*_____
**Christopher M. Odell**
Texas Bar No. 24037205
S. D. Tex. Bar No. 33677
christopher.odell@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Tel: 713-576-2400
Fax: 713-576-2499

**Marcus A. Asner**
**Daniel R. Bernstein**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: 212-836-8000
Fax: 212-836-8689

5

**Soo-Mi Rhee**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

**COUNSEL FOR DEFENDANT**
**SAMSUNG HEAVY INDUSTRIES CO., LTD.**

## CERTIFICATE OF CONFERENCE

On December 11, 2019, I conferred with counsel for counsel for Plaintiff Petrobras America, Inc., regarding the relief requested herein, and he advised me that Plaintiff does not oppose this motion.

/s/ Daniel R. Bernstein
Daniel R. Bernstein

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that, on December 11, 2019, the foregoing document is being served on the following counsel of record by email and Certified Mail Return Receipt Requested.

Eric J. Cassidy
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
Bank of America Center
700 Louisiana, Suite 3950
Houston, Texas 77002
(832) 331-6778
ecassidy@gcfirm.com

*Counsel for Plaintiff
Petrobras America, Inc.*

/s/ Christopher M. Odell
Christopher M. Odell