**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 4:19-cv-01410** |
| **SAMSUNG HEAVY INDUSTRIES CO., LTD.,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT SAMSUNG HEAVY INDUSTRIES CO., LTD.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF COUNTERCLAIM**

---

## INTRODUCTION

Defendant Samsung Heavy Industries Co., Ltd. ("SHI") files this Supplemental Briefing in Support of its Counterclaim to address the Court's questions about the statute of limitations for contribution claims under Texas law. The Court specifically asked (i) "whether a two-year or four-year limitations period applies to the contribution counterclaim asserted," and (ii) is it correct that Texas courts treat contribution claims as "claims for an implied promise to pay or to collect a debt" subject to "a four-year limitations period to claims for breach of implied contract or for debt collection." Doc. No. 119.

The Court is correct. A four-year limitations period applies to SHI's contribution counterclaim. This is so because Texas courts have treated contribution claims like an implied promise to pay or collect a debt, as the Court has observed, or alternatively because Texas courts determine the limitations period for a contribution claim by looking to the underlying claim, as SHI previously explained. In this case, both approaches yield the same result: SHI's contribution counterclaim is subject to a four-year limitations period, meaning that the counterclaim is timely.[1]

**1. SHI's contribution counterclaim is a claim on an implied promise to pay or collect a debt and not a claim for personal injury or property damage.**

"Under Texas law, a claim for contribution is separate from the underlying tort or contract" and does not itself "sound in tort," nor is it "contractual in nature." *In re Velocita Worldwide Logistics, Inc.*, 608 F.3d 212, 214 (5th Cir. 2010); *Brown & Root v. United States*, 92 F. Supp. 257, 261 (S.D. Tex. 1950), aff'd sub nom. *Brown & Root, Inc. v. United States*, 198 F.2d 138 (5th Cir. 1952). Instead, a number of Texas courts have repeatedly characterized contribution as a claim on an implied promise to pay or collect a debt. *See, e.g.*, *Caldwell v. Stevenson*, 567 S.W.2d 278,

---

[1] Because SHI has already explained in its motion to dismiss how some Texas courts have determined the limitations period for a contribution claim by looking to the underlying claim, it focuses here only on the questions posed in the Court's minute order.

280 (Tex. Civ. App.—Austin 1978, no writ) ("The cause of action for contribution is in assumpsit, or implied promise to pay . . . ."); *Nelms v. Chazanow*, 404 S.W.2d 359, 362 (Tex. Civ. App.—Houston 1966, no writ) (describing contribution as "right of action upon the implied promise of the other joint obligor for reimbursement"); *Barton v. Farmers' State Bank of Bertram*, 263 S.W. 1093, 1097 (Tex. Civ. App.—Austin 1924), rev'd sub nom. *Barton v. Farmers' State Bank*, 276 S.W. 177 (Tex. Comm'n App. 1925) ("The limitation applicable to an action for contribution is that fixed for an implied contract.").[2]

Among joint tortfeasors, contribution is characterized as a claim on an implied promise to pay or to collect a debt because it seeks payment owed or due from a liable party by a party who has paid more than its fair share of a common liability. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 33.015 (describing defendant's right of contribution for "overpayment"); *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 21 (Tex. 1987) (describing as a prerequisite for contribution payment of "a disproportionate share of the common liability").

This characterization follows from contribution's origins in actions in assumpsit to recover debt. *See, e.g.*, *Caldwell*, 567 S.W.2d at 280 ("contribution is in assumpsit, or implied promise to pay"); *Huggins v. Johnston*, 3 S.W.2d 937, 940 (Tex. Civ. App.—Waco 1927), aff'd, 120 Tex. 21, 35 S.W.2d 688 (1931) (noting contribution "required a separate suit in assumpsit"); 68 TEX. JUR. 3d *Suretyship and Guaranty* § 143 (2022) (noting "action of implied assumpsit for contribution"). Assumpsit describes "a promise, or more precisely, an implied promise" and "is thus a form of action for the recovery of money due on, or damages caused by, the breach of a promise or contract implied by law." 64 TEX. JUR. 3d *Restitution Etc*. § 1 (2022). The Texas Supreme Court explains that "[a]ssumpsit was a contractual or quasi-contractual action involving a promise and leading to

---

[2] Petrobras does not appear to dispute this characterization, citing the statement from *Caldwell* above that "[t]he cause of action for contribution is in assumpsit, or implied promise to pay." *See* Petrobras's Reply at 8.

a claim of debt (but not the pure common law action for a debt)." *Williams v. Khalaf*, 802 S.W.2d 651, 656 (Tex. 1990) (citing 3 W. BLACKSTONE, COMMENTARIES *157, 161).

Texas courts have thus distinguished for limitations purposes causes of action rooted in assumpsit from those originating in the law of torts, which "developed from the common law action for 'trespass'" and required some "violence" to person or property even if exceedingly small. *Williams*, 802 S.W.2d at 654–56 (quoting 2 F. POLLOCK & F. MAITLAND, HISTORY OF ENGLISH LAW 510 (2d ed. 1898)). *See Id.* at 656 (describing fraud as debt for limitations purposes based on origins in assumpsit and distinguishing from trespass); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164–65 (Tex. App.—El Paso 1997, no writ) (describing unjust enrichment and money had and received as debts for limitations purposes based on origins in assumpsit); *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986) (describing tortious inference with business relations as a trespass for limitations purposes, reasoning that it involved "injury to one's person or property or relationship with another") (quoting BLACK'S LAW DICTIONARY 1347 (5th ed. 1979)); *Castillo v. First City*, 36 F.3d 91 (5th Cir. 1994) (describing duress as trespass for limitations purposes and distinguishing duress from debt, noting that it "easily relate[s] to the common law roots of trespass which required some real or threatened violence").

These cases support treating SHI's counterclaim as a form of action in assumpsit on debt. Here, SHI seeks contribution for damages SHI paid to Ensco under a settlement agreement that resolved multiple arbitral awards and appeals for which Petrobras has ultimate responsibility. *See, e.g.,* Doc. No. 85, Countercl., ¶¶ 10, 211-214, 221, 224. Petrobras, as the liable party, has an implied obligation to pay back what SHI paid to Ensco on Petrobras' behalf, and this obligation does not arise from any trespass or violence to SHI's person or property.[3]

---

[3] As one court considering the limitations issue explained: "[I]t is not the nature of the proof required that determines the form of action to be brought, but it is the nature of the right sought to be enforced. . . . [W]hile the right

**2. SHI's contribution counterclaim is governed by Texas Civil Practice & Remedies Code section 16.004(a)(3)'s four-year limitations period for claims on "debt."**

Following revisions in 1979, the Texas Legislature consolidated the two separate statutes of limitations for debts into a single four-year limitations period that applies to all actions for debt. Before this 1979 amendment, only "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing" were governed by the four-year limitations period in Tex. Rev. Civ. Stat. Ann. art. 5527 (Vernon 1925). "[A]ctions for debt where the indebtedness is not evidenced by a contract in writing" were governed by the two-year period in Tex. Rev. Civ. Stat. Ann. art. 5526. The 1979 amendments to Articles 5526 and 5527 eliminated the distinction between debts evidenced by writing and other debts, bringing all actions for debt under a four-year limitations period. Act of June 13, 1979, 1979 Tex. Gen. Laws 1768. *See Williams*, 802 S.W.2d at 657. Those changes were codified in the Texas Civil Practice & Remedies Code in 1985. The new four-year statute, formerly Article 5526 and codified in amended version at Texas Civil Practice & Remedies Code section 16.004(a), now lists all actions for "debt," regardless of whether evidenced by writing, under a four-year limitations period. § 16.004(a)(3).

For this reason, Texas courts would apply section 16.004(a)'s four-year limitations period to SHI's contribution counterclaim. *See In re Smith*, No. 07-51437-RBK, 2012 WL 525531, at *13 (Bankr. W.D. Tex. Feb. 16, 2012), subsequently dismissed sub nom. *In re Berman-Smith*, 737 F.3d 997 (5th Cir. 2013) (applying four-year limitations period to contribution claim arising from breach of guaranty and citing 16.004(a)); *Nelms v. Byrd*, No. 14-96-01423-CV, 1998 WL 175683 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (applying four-year limitations period to equitable contribution claims arising from a breach of guaranty).

---

of the injured party is in tort and, therefore, properly asserted in trespass, the right of contribution between the joint tortfeasors is not in tort but is based on the implied undertaking and is, therefore, properly asserted in assumpsit . . . ." *Witherow v. Silvis*, 32 Pa. D. & C.2d 142, 147 (Pa. Com. Pl. 1963) (citations omitted).

Half of the cases Petrobras's Reply cites for the mistaken claim that a two-year limitations period applies to contribution rely on the now-repealed Article 5526. *Caldwell*, 567 S.W.2d at 280 (applying Article 5526); *Miller v. Miles*, 400 S.W.2d 4, 9 (Tex. Civ. App.--Tyler 1966, writ ref'd n.r.e.) (same); *Apple v. Owens*, 48 F.2d 807, 808 (5th Cir. 1931) (same). The only post-1979 Texas case Petrobras cites is from the San Antonio Court of Appeals, which simply asserts without explanation that a two-year limitations period would apply to the appellants' "common law contribution claims," consistent with their accompanying tort claims. *Potter v. Kaufman & Broad Home Sys. of Tex., Inc*., 137 S.W.3d 701, 705 (Tex. App.—San Antonio 2004, no pet.). SHI has previously explained that the contribution counterclaim is timely if the Court were to rely on the limitations period for the underlying tort claims.

The two other cases on which Petrobras relies are unreported federal decisions, both of which appear to involve agreement between the parties that the contribution claim would be governed by a two-year limitations period alongside the other claims. *Fed. Ins. Co. v. Northfield Ins. Co.*, No. CV 4:14-0262, 2019 WL 13039283, at *4 (S.D. Tex. Aug. 29, 2019) (noting parties "do not argue" that contribution is time barred and "do not contest that contribution claims are subject to a two-year statute of limitations"); *Evanston Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*., No. 1:09-CV-909, 2012 WL 12977322, at *6 (E.D. Tex. Mar. 19, 2012) ("It is undisputed that Texas law establishes a two-year statute of limitations for contribution claims such as this one."). That is not the case here. Whether the Court treats SHI's Counterclaim as an implied promise to pay or collect a debt, or else as an equitable action derived from the underlying claim and taking the claim's limitations period, the four-year limitations period applies.

July 25, 2022

Respectfully,

/s/ *Christopher M. Odell*

**Christopher M. Odell**
Texas Bar No. 24037205
S.D. Tex. Bar No. 33677
christopher.odell@arnoldporter.com
**Ryan P. Hartman**
Texas Bar No. 24050727
S.D. Tex. Bar No. 608056
ryan.hartman@arnoldporter.com
**Joshua W. McCollum**
Texas Bar No. 24106271
S.D. Tex. Bar No. 3202958
josh.mccollum@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street
Suite 4000
Houston, TX 77002-2755
Tel: 713-576-2400
Fax: 713-576-2499

**Soo-Mi Rhee**
**Daniel R. Bernstein**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

***Counsel for Defendant Samsung Heavy Industries Co., Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via email to counsel of record listed here, this 25th day of July, 2022.

Eric J. Cassidy
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77002
Tel. (713) 759-9555
ecassidy@curtis.com

Jonathan J. Walsh
Robert B. Garcia
Grace Condro
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
jwalsh@curtis.com
robert.garcia@curtis.com
gcondro@curtis.com

/s/ *Christopher M. Odell*
Christopher M. Odell