**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PETROBRAS AMERICA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 4:19-cv-01410** |
| | § | |
| SAMSUNG HEAVY INDUSTRIES CO., LTD., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEFS ON THE APPLICABLE STATUTE OF LIMITATIONS TO THE COUNTERCLAIM**

Petrobras America, Inc. ("Petrobras") submits this reply to the supplemental briefs filed by Samsung Heavy Industries Co. Ltd. ("Samsung") on July 25 and 28, 2022 on the applicable statute of limitations to the contribution counterclaim.

Samsung does not dispute that, since the 1979 amendments, most courts have continued applying a two-year statute of limitations to contribution and indemnity claims. Petrobras has cited six cases that have applied a two-year statute after those amendments,[1] including a 2004 published decision by the Texas Court of Appeals in which the application of the two-year statute in § 16.003(a) resulted in the dismissal of the plaintiff's contribution claim.[2] Samsung, on the other hand, has cited only two exceptions, which are not published and in which the applicable limitation period was apparently not dispositive or in dispute.[3]

Nevertheless, in its July 25 brief, Samsung asserts that a four-year limitation period should apply either because contribution has been treated as an implied promise to pay or collect a debt or because, according to Samsung, "Texas courts determine the limitations period for a contribution claim by looking to the underlying claim." Samsung, however, has cited *no case* that has held that contribution is governed by § 16.004 because contribution has been treated as an implied promise to pay or collect debt, and *no case* that has held that contribution is governed by the limitation period of the underlying claim. Both propositions are belied by the many cases that have applied a two-year limitation period before and after the 1979 amendments.

The assertion that contribution falls under § 16.004 because it has been treated as an implied contract claim also conflicts with *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007). As explained in Petrobras' July 25 brief, the Texas Supreme

[1] Petrobras' July 25 Brief at 2 n.2.

[2] *Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701 (Tex. App.—San Antonio 2004, no pet.).

[3] Petrobras' July 25 Brief at 2 n.2.

Court in *Elledge* reversed the holding by the Court of Appeals that unjust enrichment is governed by § 16.004 because of its historical treatment as an implied contract claim to collect a debt. The *Elledge* Court's reasoning did not turn on the historical origins of unjust enrichment. Instead, the Court focused on trying to harmonize §§ 16.003 and 16.004, construing the terms used in those statutes so as to give meaning to each statute. The Court stated that: "The most logical reading of sections 16.003 and 16.004 is to treat 'debt' actions under section 16.004 as breach-of-contract actions that fall under the four-year statute of limitations for such claims, while construing the two-year statute's reference to actions for 'taking or detaining the personal property of another' as applicable to extra-contractual actions for unjust enrichment."[4]

That ruling applies here. Just like unjust enrichment, contribution is an extra-contractual claim that has historically been viewed as an implied promise to collect a debt. But *Elledge* dictates that the term"debt" in § 16.004 does not refer to extra-contractual claims even if they have been historically treated as claims for debt, it refers to breach-of-contract actions. Thus, under *Elledge*, contribution cannot fall within the meaning of "debt" under § 16.004. As an extra-contractual claim, it should be treated as falling under § 16.003. That would accord with the many cases that have applied a two-year statute to contribution.

In its July 28 brief, Samsung argues that *Elledge* does not apply. It relies heavily on the fact that no court has applied *Elledge* to contribution. (July 28 Reply at 1-2.) But it is also true that no court has rejected *Elledge*'s applicability to contribution or held that contribution is somehow an exception to the *Elledge* rule that "debt" in § 16.004 refers to breach-of-contract actions, not extra-contractual actions.

[4] *Elledge*, 240 S.W.3d at 870 (citations omitted).

Samsung tries to distinguish *Elledge* based on the fact that it involved a claim for unjust enrichment, not contribution. Samsung argues that contribution is different from unjust enrichment in that it involves a payment to a third party as opposed to a taking.[5] But the holding in *Elledge* was not based on any such distinction or on any other element of unjust enrichment that makes it different from contribution.[6] The Court's holding turned on its own interpretation of the term "debt" in § 16.004, which it concluded refers to breach-of-contract actions. Because unjust enrichment is extra-contractual, the Court concluded that it cannot fall within § 16.004 and that it is governed by § 16.003. Contribution shares the same dispositive attribute—like unjust enrichment, it is an extra-contractual claim. Therefore, contribution cannot be "debt" for purposes of § 16.004.

Moreover, contrary to Samsung's arguments, contribution closely resembles unjust enrichment. They are both quasi-contractual claims based on a promise implied in law to require the defendant to make restitution to a plaintiff for a benefit that the defendant unjustly received.[7] In the context of contribution, the law imposes an implied promise on the defendant to make

---

[5] Samsung's suggestion that all unjust enrichment claims involve a straightforward "taking of property" is wrong. Unjust enrichment is a broad and flexible doctrine, and applies in a wide range of circumstances where a defendant receives an unjust benefit that is not easily categorized as "taking property." For example, in *Dig. Drilling Data Sys., L.L.C. v. Petrolink Servs*., 965 F.3d 365, 384 (5th Cir. 2020), the Fifth Circuit affirmed a finding of unjust enrichment under Texas law based on the theory that the defendant had been unjustly enriched by revenues it obtained from its customers as a result of having improperly accessed plaintiff's data.

[6] The *Elledge* Court recognized that its holding—that "debt" in § 16.004 means "breach-of-contract actions" and not extra-contractual claims—applies to causes of action other than unjust enrichment. In a footnote, the Court acknowledged that its prior construction of the term "debt" in § 16.004 as including fraud claims based on its historical origins in assumsit is "no longer warranted" because of the 1999 amendments to the statute which expressly treat "fraud" as a distinct claim from "debt." *Elledge*, 240 S.W.3d at 870 n.1. The Court thus made it clear that its holding that extra-contractual claims are not "debt" for purposes of § 16.004 could not logically be limited to the context of unjust enrichment.

[7] *See Dig. Drilling Data Sys.*, 965 F.3d at 384 ("[a]n action for unjust enrichment is based upon the equitable principle that a person receiving benefits which were unjust for him to retain ought to make restitution"); *Sherman v. LaMothe,* 608 F.3d 212, 214 (5th Cir. 2010) (contribution is "founded … upon principles of equity and natural justice which require[] that one shall not be made to bear more than his just share of a common burden … [t]he reasoning that underlies the right of contribution is that the co-obligors have made an implied promise to bear the burden equally").

restitution for the unjust benefit received as a result of the plaintiff having paid a liability that ought in part to have been borne by the defendant. In the case of both unjust enrichment and contribution claims, therefore, the defendant holds property that ought, based on the promise implied by law, to belong to the plaintiff. *Elledge* holds that such claims are subject to § 16.003.

Samsung incorrectly asserts that no courts have treated *Elledge* as relevant to implied or extra-contractual claims other than unjust enrichment.[8] (July 28 brief at 3.) Courts have applied *Elledge* to claims for money had and received. Those courts have held that "[b]ecause a claim for money had and received is a quasi-contract action based on a promise implied in law, not an action for breach of contract," it is subject to the two-year and not the four-year statute. *Merry Homes, Inc. v. Luc Dao*, 359 S.W.3d 881, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Samsung points to a case after *Elledge* that applied § 16.004 to a quantum meruit claim.[9] (July 28 at 3 citing *Quigley v. Bennet*, 256 S.W.3d 356, 360 (Tex. App.—San Antonio 2008, no pet.).) In its July 25 brief, Petrobras recognized that some lower courts after *Elledge* have applied § 16.004 to quantum meruit. (PB July 25 Brief at n. 6.) None of those cases have addressed the question of how the application of § 16.004 to quantum meruit is reconcilable with *Elledge*. Those cases conflict with *Elledge*'s rule that § 16.004 applies to breach-of-contract actions, not extra-contractual claims. As lower court decisions, none of those cases could have

[8] In a footnote, Samsung also erroneously cites two cases as purportedly "reading *Elledge* as limited to unjust enrichment." Samsung's Supplemental Reply Brief at 2 n.1 (*SVT, LLC v. Seaside Vill. Townhome Ass'n, Inc*., No. 14-19-00586-CV, 2021 Tex. App. LEXIS 5345, at *13 n. 5 (Tex. App.—Houston [14th Dist.] July 6, 2021, no pet.), and *VocalSpace, LLC v. Lorenso*, No. 4:09-CV-350, 2010 U.S. Dist. LEXIS 153626, at *17 (E.D. Tex. Jan. 29, 2010). Neither case purports to limit the reasoning of *Elledge*; in fact, neither case concerns the statute of limitations at all. Both cases simply cite *Elledge* for the proposition that Texas recognizes unjust enrichment as an independent cause of action.

[9] Samsung also cites cases applying § 16.051, the "residual" statute, to equitable claims for promissory estoppel and constructive trust. (Samsung's July 28 Brief at 3 citing *Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836 (Tex App.—Dallas 2011, no pet.) and *In re Estate of Melchior*, 365 S.W.3d 794, 798 (Tex. App.—San Antonio 2012, pet. denied).) It offers no reason why the residual statute should apply to a contribution claim, and to do so would be contrary to the numerous cases applying a two-year statute to contribution claims. *See* Petrobras's Reply in Support of Motion to Dismiss at 9.

have disregarded *Elledge*, and none could stand for the proposition that, contrary to *Elledge*, all quasi-contractual claims are subject to § 16.004. At most, those cases could be read to suggest that some Texas courts have recognized an exception to the *Elledge* rule for quantum meruit claims. But Samsung has not alleged a quantum meruit claim, and its contribution claim does not meet any of the elements of quantum meruit. *See Evanston Ins. Co. v. Nat'l Union Fire Ins. Co*., No. 1:09-CV-909, 2010 U.S. Dist. LEXIS 159988, at *18 (E.D. Tex. Apr. 1, 2010) (quantum meruit requires a showing that the plaintiff provided services in order to benefit the defendant, and that the defendant knowingly accepted those benefits with notice that the plaintiff expected payment).

Finally, Samsung asserts that "courts post-*Elledge* have applied a four-year limitation period to contribution." (July 28 Reply at 3.) But Samsung can point to only *one case* that has applied a four-year limitation after *Elledge*, a bankruptcy court decision.[10] Petrobras, on the other hand, has cited two cases that have applied a two-year statute after *Elledge*, including one by this District Court (Atlas, J.),[11] and six cases before *Elledge* that have applied that statute.[12] In accordance with *Elledge*, and the weight of Texas caselaw, this Court should apply the two-year statute to Samsung's contribution counterclaim.

---

[10] Samsung's July 28 Brief at 3 citing *In re Smith*, No. 07-51437-RBK, 2012 WL 525531, at *13 (Bankr. W.D. Tex. Feb. 16, 2012). Samsung's citation of this case is misleading. It erroneously suggests that the Fifth Circuit applied § 16.004(a) to contribution. It did no such thing; the Fifth Circuit did not address limitations at all.

[11] *Fed. Ins. Co. v. Northfield Ins. Co.*, No. 4:14-0262, 2019 U.S. LEXIS 239545, at *9-10 (S.D. Tex. Aug. 29, 2019) (Atlas, J.); *Evanston Ins. Co. v. Nat'l Union Fire Co.*, No. 1:09-CV-909, 2012 U.S. Dist. LEXIS 200620, at *11 (E.D. Tex. March 19, 2012).

[12] *Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701, 705 (Tex. App.—San Antonio 2004, no pet.); *Conroe Truck & Tractor, Inc. v. Childs Truck Equipment, Inc.*, 723 S.W.2d 207 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.); *Beaumont Coca Bottling Co. v. Cain*, 628 S.W.2d 99 (Tex. App.—Beaumont 1981, writ ref'd n.r.e.); *Caldwell v. Stevenson*, 567 S.W.2d 278, 280 (Tex. Civ. App.—Austin 1978, no pet.); *Miller v. Miles*, 400 S.W.2d 4, 9 (Tex. Civ. App.—Tyler 1966, writ ref'd n.r.e.); *Apple v. Owens*, 48 F.2d 807, 808 (5th Cir. 1931).

Respectfully submitted,

Dated: August 2, 2022
Houston, Texas

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: */s/ Eric J. Cassidy*
Eric J. Cassidy
Tex. Bar No. 24031807
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel. 832-331-6778
ecassidy@curtis.com

Jonathan J. Walsh (*pro hac vice*)
Robert B. Garcia (*pro hac vice*)
Grace Condro (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel. 212-696-6000
jwalsh@curtis.com
robert.garcia@curtis.com
gcondro@curtis.com

*Attorneys for Plaintiff Petrobras America, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 2, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that, on August 2, 2022, the foregoing document is being served on the following counsel of record by email:

Christopher M. Odell
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
(713) 576-2400
christopher.odell@arnoldporter.com

Counsel for Defendant Samsung Heavy Industries Co., Ltd.

/s/ Eric J. Cassidy
Eric J. Cassidy