United States District Court
Southern District of Texas
**ENTERED**
September 16, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,** | § | Case No. 4:19-cv-01410 |
| | § | |
| *Plaintiff-Counterclaim* | § | |
| *Defendant,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SAMSUNG HEAVY INDUSTRIES** | § | |
| **CO., LTD.,** | § | |
| | § | |
| *Defendant-Counterclaimant.* | § | |

## ORDER GRANTING DEFENDANT SAMSUNG HEAVY INDUSTRIES CO., LTD.'S MOTION FOR ISSUANCE OF LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION TO OBTAIN EVIDENCE FROM RAUL SCHMIDT FELIPPE JÚNIOR

This Court, having reviewed Defendant Samsung Heavy Industries Co., Ltd.'s Motion for Issuance of Letter of Request Pursuant to the Hague Evidence Convention (the "Motion"), any responses or replies thereto, any argument of counsel, and applicable law, hereby ORDERS THAT:

1.      The Motion is GRANTED.

2.      The Court will sign and date the English and Portuguese versions of the proposed Letter of Request attached to the Motion as Exhibit 1.

3.      After the Court signs and dates the English and Portuguese versions of the Letter of Request, the Clerk is directed to authenticate the Court's signatures on each version by affixing the Court's seal thereto, and to directly transmit the English and Portuguese versions of the Letter of Request to the central authority of Portugal, the Directorate-General for the Administration of Justice, International Judicial Cooperation Division, at correio.dsjcji@dgaj.ml.pt, for execution.

Signed on this __16th__ day of ___September___, 2022.

Lee H. Rosenthal
Chief United States District Judge

# Exhibit 1

# English

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETROBRAS AMERICA, INC., | § | Case No. 4:19-cv-01410 |
| | § | |
| *Plaintiff-Counterclaim* | § | |
| *Defendant,* | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG HEAVY INDUSTRIES | § | |
| CO., LTD., | § | |
| | § | |
| *Defendant-Counterclaimant.* | § | |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL MATTERS TO OBTAIN EVIDENCE FROM RAUL SCHMIDT FELIPPE JÚNIOR

In conformity with Articles 1 and 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), the United States District Court for the Southern District of Texas respectfully requests international judicial assistance from the Portuguese Ministry of Justice to obtain evidence from Raul Schmidt Felippe Júnior ("Mr. Schmidt") for use in the above-captioned civil proceeding currently pending before this Court (the "U.S. Action" or "Action"). The evidence is sought by the Defendant in this action, Samsung Heavy Industries Co., Ltd. ("SHI").

The assistance requested is for the Directorate-General for the Administration of Justice - Ministry of Justice (Direcção-Geral da Administração da Justiça, Divisão de Cooperação Judiciária Internacional) to compel the attendance of Mr. Schmidt to give oral testimony relevant to the claims and defenses in the Action under the terms set forth in this Letter of Request, for use in the litigation and at trial.

1

1.   **Sender/Requesting Judicial Authority:**

The Honorable Lee H. Rosenthal, Chief Judge
United States District Court for the Southern District of Texas
515 Rusk Avenue
Houston, Texas 77002
United States of America

2.   **Central Authority of the Requested State:**

Directorate-General for the Administration of Justice
International Judicial Cooperation Division
(Direcção-Geral da Administração da Justiça, Divisão de Cooperação Judiciária
Internacional)
Av. D. João II, nº 1.08.01 - Edifício H Piso 14
1990-097 Lisboa
Portugal

Email: correio.dsjcji@dgaj.ml.pt
Tel. : +351 21 790 65 00

3.   **Persons to Whom the Executed Request Is To Be Returned:**

Christopher M. Odell
Ryan P. Hartman
Amanda S. Thomson
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
United States of America

Email:  Christopher.Odell@arnoldporter.com
Email:  Ryan.Hartman@arnoldporter.com
Email:  Amanda.Thomson@arnoldporter.com
Tel.:  +1 713 576 2401
Fax:  +1 713 576 2499

Nuno Líbano Monteiro
PLMJ
Av. Fontes Pereira de Melo, 43
1050-119 Lisboa
Portugal

Email:  Nuno.LibanoMonteiro@plmj.pt
Tel.:  (+351) 213 197 521

2

4.     Names and Addresses of the Parties and Their Representatives:

    a.     **Plaintiff:**

Petrobras America, Inc.
10350 Richmond Avenue
Houston, Texas 77042
United States of America

Counsel for Plaintiff:
Eric J. Cassidy
Curtis, Mallet-Prevost, Colt & Mosle LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010

Jonathan J. Walsh
Grace Condro
Robert Garcia
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178

    b.     **Defendant:**

Samsung Heavy Industries Co., Ltd.
SHI R&D Center, 23, Pangyo-ro 227 beon-gil, Bundang-gu,
Seongnam-si, Gyeonggi-do, 463-400
13486 Republic of Korea

Counsel for Defendant:
Christopher M. Odell
Ryan P. Hartman
Amanda S. Thomson
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002

Soo-Mi Rhee
Daniel Bernstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001

Nuno Líbano Monteiro
PLMJ

Av. Fontes Pereira de Melo, 43
1050-119 Lisboa
Portugal

**5.      Nature of the Proceedings and Summary of the Facts:**

The parties to the U.S. Action have alleged the following:

The U.S. Action is a civil lawsuit that arises out of one of the largest corporate bribery schemes in history.  Between at least 2004 and 2012, Petróleo Brasileiro S.A. ("Petrobras S.A.") and its subsidiaries (collectively "Petrobras") orchestrated one of the largest corporate corruption schemes in history.  Petrobras orchestrated a $2 billion scheme pursuant to which it used corporate procurement—including in the company's acquisition of drillships—to generate funds to pay Brazilian politicians and political parties for Petrobras's benefit.  The scheme was the subject of a wide-ranging investigation ("Operation Car Wash") that resulted in the conviction of many of Petrobras's most senior executives.

Petrobras America, Inc. ("PAI") filed the U.S. Action against SHI in 2019, asserting causes of action under the U.S. Racketeer Influenced and Corrupt Organizations Act ("RICO") and for fraud and implicit fraud after purportedly discovering that one of the transactions in which Petrobras demanded payments from companies involved an SHI drillship called the DS-5, which Petrobras procured pursuant to a drilling services contract with Pride.[1]  Through the U.S. Action, PAI seeks reimbursement for amounts it paid for the DS-5 drillship, claiming that it never needed the drillship—for which it alleges it received unfavorable contract terms—and would not have procured it but for the payments certain "rogue" Petrobras officials demanded and received from SHI.

---

[1] "Pride" as used herein refers to Pride International, Inc. or one or more of its subsidiaries, as appropriate.

4

SHI in turn filed a counterclaim against Plaintiff, seeking contribution from Plaintiff for $200 million in damages that SHI paid to Pride's successor Ensco Global IV Ltd. as a result of SHI's involvement in Petrobras's scheme involving the DS-5 transaction.

Mr. Raul Schmidt Felippe Júnior is a lobbyist who PAI alleges was involved in the DS-5 transaction. Mr. Schmidt is therefore a critical fact witness. Indeed, in its Initial Disclosure, PAI identified Mr. Schmidt as having discoverable information concerning the bribery scheme and the facts alleged in PAI's Complaint. Mr. Schmidt's knowledge regarding the transaction and bribery scheme is central to the key issues in this case.

**6.     Evidence To Be Obtained and Purpose:**

    **a.     Evidence to Be Obtained:**

SHI seeks oral testimony from Mr. Schmidt for use in the litigation and at trial. Mr. Schmidt, a lobbyist who PAI alleges facilitated bribes to Petrobras officials in connection with the DS-5 transaction, is in unique possession of evidence relevant to Plaintiff's allegations in the Action and SHI's defenses thereto. The topics of oral testimony sought from Mr. Schmidt include the following:

i.      Mr. Schmidt's education, training, professional background, experience, and current employment;

ii.     Mr. Schmidt's involvement in discussions relating to the DS-5;

iii.    Mr. Schmidt's involvement in, and knowledge of, the DS-5 bribery scheme, including but not limited to the request, payment, receipt, and transfer of commissions or money from commissions, directly or indirectly, to or for the benefit of any Petrobras officials, Brazilian political parties, Brazilian politicians, or other Brazilian government officials;

iv.     Mr. Schmidt's involvement in, and knowledge of, other bribery schemes involving Petrobras officials, Brazilian political parties, Brazilian politicians, or other Brazilian government officials;

v.      Mr. Schmidt's communications, if any, with Petrobras officials between 2005 and 2008 relating to Petrobras's need for and anticipated uses for the DS-5;

vi.    Mr. Schmidt's awareness of discussions between Petrobras and companies other than Pride relating to drillship contracts between 2005 and 2016;

vii.    Petrobras officers and employees who were involved in or aware of discussions relating to the DS-5;

viii.    Petrobras's procedures for negotiating domestic and international contracts; and

ix.    Mr. Schmidt's communications, if any, with Samsung officials relating to the DS-5, PB 10,000, and Vitoria 10,000.

**b.    Purpose of the Evidence Sought:**

This Court has found that Mr. Schmidt has material information related to the U.S. Action and that justice cannot be completely done between the parties without an opportunity to obtain his testimony. Mr. Schmidt is in unique possession of critical evidence that bears on essential elements of PAI's claims and SHI's defenses to those claims. For example, given the scope of his involvement in the DS-5 transaction, Mr. Schmidt likely has knowledge of the orchestration of the bribery scheme, the reasons for the scheme, the participants in the scheme, and Petrobras's awareness of the scheme. That information bears directly on PAI's claim that it would not have procured the DS-5 but for SHI's actions, as well as on SHI's statute of limitations defense, other defenses concerning Petrobras's awareness of the systematic corruption at the company such as ratification and laches, and SHI's counterclaim.

**7.    Identity and Address of the Person To Be Examined:**

Raul Schmidt Felippe Júnior
Rua de São Mamede No. 9, Segundo Andar
1100-091 Lisboa
Portugal

**8.    Questions To Be Put to the Person To Be Examined or Statement of the Subject Matter About Which He Is To Be Examined:**

It is requested that Mr. Schmidt be questioned with respect to the following topics:

i.     Mr. Schmidt's education, training, professional background, experience, and current employment;

ii.    Mr. Schmidt's involvement in discussions relating to the DS-5;

iii.   Mr. Schmidt's involvement in, and knowledge of, the DS-5 bribery scheme, including but not limited to the request, payment, receipt, and transfer of commissions or money from commissions, directly or indirectly, to or for the benefit of any Petrobras officials, Brazilian political parties, Brazilian politicians, or other Brazilian government officials;

iv.    Mr. Schmidt's involvement in, and knowledge of, other bribery schemes involving Petrobras officials, Brazilian political parties, Brazilian politicians, or other Brazilian government officials;

v.     Mr. Schmidt's communications, if any, with Petrobras officials between 2005 and 2008 relating to Petrobras's need for and anticipated uses for the DS-5;

vi.    Mr. Schmidt's awareness of discussions between Petrobras and energy companies other than Pride relating to drillship contracts between 2005 and 2016;

vii.   Petrobras officers and employees who were involved in or aware of discussions relating to the DS-5;

viii.  Petrobras's procedures for negotiating domestic and international contracts; and

ix.    Mr. Schmidt's communications, if any, with Samsung officials relating to the DS-5, PB 10,000, and Vitoria 10,000.

**9.     Documents and Other Property To Be Inspected:**

No inspection of documents or property is requested.

**10.    Any Requirement That the Evidence Be Given on Oath or Affirmation and Any Special Form To Be Used:**

This Court respectfully requests that Mr. Schmidt testify under oath or affirmation, that he be duly sworn in accordance with the applicable procedures of Portugal, that the testimony be transcribed by a qualified court reporter to be selected by the legal representative of SHI, and that a videographic record be taken of the deposition.

**11.    Special Methods or Procedure To Be Followed:**

7

The following is respectfully requested:

a.      That SHI's U.S. and Portuguese counsel be permitted to attend the deposition and that SHI's Portuguese counsel be authorized to participate and ask questions of Mr. Schmidt (*i.e.*, examine the witness on the topics listed in paragraph 8 above) while the Portuguese court presides and supervises the deposition;

b.      That PAI's U.S. and Portuguese counsel be permitted to attend the deposition and that Portuguese counsel for the PAI (if any) be permitted examine the witness on the topics listed in paragraph 8 above while the Portuguese court presides and supervises the deposition;

c.      That Mr. Schmidt be permitted to be represented by his own counsel at his own expense at the deposition should he wish to do so, and that he not be required to give evidence that is privileged against disclosure under the laws of either the United States or Portugal;

d.      That the deposition be taken under the Federal Rules of Civil Procedure of the United States of America ("FRCP"), except to the extent such procedure is incompatible with the law of Portugal;

e.      That the questions and testimony be translated into English, Portuguese, and the witness's native language if requested and if different than English or Portuguese, and that an interpreter be permitted to attend the deposition in order to translate the proceedings in real time, either (i) privately (in a low voice) if the interpreter is translating the proceedings only for U.S. counsel, or (ii) out loud if the interpreter is translating the proceedings for the witness and U.S. counsel;

f.      That the testimony be recorded verbatim by stenographic and videographic means in English by a stenographer and videographer provided by SHI, that the stenographer and

8

videographer be permitted to attend the deposition in order to record the testimony, and that the parties' representatives be provided with a copy of the transcript and video recording;

  g. That there be excluded from the deposition, if permitted under the law of Portugal, all persons other than the witness, the attorneys conducting the examination, other attorneys for the parties, attorneys for the witness, the stenographer, the videographer, the interpreter, and other officials of the court of Portugal normally present during such proceedings, for the purpose of protecting the confidential nature of the topics to be discussed, which are covered by the governing Protective Order in the U.S. Action;

  h. That the entire proceeding be presumptively designated as Confidential in accordance with the governing terms of the Protective Order in place in the U.S. Action for a period of 14 days after the proceeding, and that such designation will operate to bar the dissemination of the designated testimony other than as permitted under the Protective Order during that 14-day period, after which the parties and non-party Mr. Schmidt must submit line-by-line confidentiality designations (if any) under the governing Protective Order;

  i. That the examination be conducted orally; and

  j. That the deposition be allowed to continue until completed, except that the deposition shall not exceed a total of seven hours on the record per party, plus an additional seven hours per party to account for the translation if the deposition proceeds in a language other than English.

**12. Request for Notification of the Time and Place of Execution of the Request and Identity and Address of Any Person To Be Notified:**

It is requested that the deposition be taken as soon as can practicably be arranged. It is further requested that the witness and counsel listed below be notified of the date, time, and place of the deposition as soon as convenient. If possible, it is requested that notice be furnished to the witness and counsel at least seven days before the deposition.

Counsel for Defendant:
Christopher M. Odell
Ryan P. Hartman
Amanda S. Thomson
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Email: Christopher.Odell@arnoldporter.com
Email: Ryan.Hartman@arnoldporter.com
Email: Amanda.Thomson@arnoldporter.com
Tel.: +1 713 576 2401

Soo-Mi Rhee
Daniel Bernstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Email: Soo-Mi.Rhee@arnoldporter.com

Nuno Líbano Monteiro
PLMJ
Av. Fontes Pereira de Melo, 43
1050-119 Lisboa
Portugal
Email: Nuno.LibanoMonteiro@plmj.pt
Tel.: (+351) 213 197 521

Counsel for Plaintiff:
Eric J. Cassidy
Curtis, Mallet-Prevost, Colt & Mosle LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Email: ECassidy@curtis.com
Tel.: +1 832 331 6788

Jonathan J. Walsh
Grace Condro
Robert Garcia
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
Email: JWalsh@curtis.com
Tel.: +1 212 696 6000

13.    **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request:**

No attendance of United States judicial personnel is requested.

14.    **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the United States:**

The witness may refuse to give evidence only insofar as he has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Portugal.

The parties to the U.S. Action have agreed, and this Court has ordered, that any confidential material produced or disclosed by the parties or any third parties will be kept confidential, according to the Protective Order entered in the case.

15.    **Fees and Costs:**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention shall be borne by SHI.

16.    **Specification of the Date By Which the Requesting Authority Requires Receipt of the Response to the Letter of Request:**

The Requesting Authority requests that the deposition take place as soon as practicable after the Requested State receives this Letter of Request, in order to be taken with adequate time before the December 31, 2022 close of fact discovery in this case.  Expedient treatment of this Letter of Request will allow the parties and the witness to arrange a mutually agreeable date for testimony and avoid disruption to the witness's business or personal plans.

17.    **Signature and Seal of the Requesting Authority:**

This court expresses its appreciation for the assistance and courtesy of the Courts of Portugal in this matter, and states that it shall be ready and willing to assist the courts of Portugal in a similar manner when required.

Signed on this 16th day of ___September___, 2022.

11

The Honorable Lee H. Rosenthal

Co

# Portuguese

**NO TRIBUNAL DISTRITAL DOS ESTADOS UNIDOS**
**DO DISTRITO DO TEXAS SUL**
**DIVISÃO DE HOUSTON**

| | | |
|---|---|---|
| **PETROBRAS AMERICA, INC.,** | § | Processo n.º 4:19-cv-01410 |
| | § | |
| *Autora-Ré no Pedido* | § | |
| *Reconvencional,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SAMSUNG HEAVY INDUSTRIES** | § | |
| **CO., LTD.,** | § | |
| | § | |
| *Ré-Reconvinte.* | § | |

**CARTA ROGATÓRIA PARA ASSISTÊNCIA JUDICIÁRIA INTERNACIONAL**
**NOS TERMOS DA CONVENÇÃO DE HAIA DE 18 DE MARÇO DE 1970,**
**RELATIVA A OBTENÇÃO DE PROVAS NO ESTRANGEIRO EM MATÉRIA CIVIL**
**PARA INQUIRIÇÃO DE RAUL SCHMIDT FELIPPE JÚNIOR**

Em conformidade com o disposto nos Artigos 1.º e 3.º da Convenção de Haia de 18 de Março de 1970 sobre a Obtenção de Provas no Estrangeiro em Matéria Civil ou Comercial (doravante designada por "Convenção de Haia"), o Tribunal Distrital dos Estados Unidos do Distrito do Texas Sul requer respeitosamente a assistência judicial internacional do Ministério da Justiça português para a inquirição de Raul Schmidt Felippe Júnior (doravante designado por "Sr. Schmidt") para utilização da prova no processo civil acima mencionado, atualmente pendente neste Tribunal (doravante designado por "Ação dos EUA" ou "Ação"). A inquirição é requerida pela Ré nesta ação, Samsung Heavy Industries Co., Ltd. (doravante designada por "SHI").

A assistência requerida é dirigida à Direção-Geral da Administração da Justiça - Ministério da Justiça (Direção-Geral da Administração da Justiça, Divisão de Cooperação Judiciária Internacional) para efeito de compelir o Sr. Schmidt a comparecer para prestar

depoimento oral relevante para os pedidos e defesas apresentados na Ação nos termos estabelecidos na presente Carta Rogatória, para utilização no processo e no julgamento.

**1.      Remetente / Autoridade Judicial:**

O Meritíssimo Juiz Chefe Lee H. Rosenthal
Tribunal Distrital dos Estados Unidos do Distrito do Texas Sul
515 Rusk Avenue
Houston, Texas 77002
Estados Unidos da América

**2.      Autoridade Central do Estado Requerido:**

Direção-Geral da Administração da Justiça
Divisão de Cooperação Judiciária Internacional
Av. D. João II, nº 1.08.01 - Edifício H Piso 14
1990-097 Lisboa
Portugal

Email: correio.dsjcji@dgaj.ml.pt
Tel. : +351 21 790 65 00

**3.      Pessoas a quem os documentos comprovativos das diligências efetuadas devem ser remetidos:**

Christopher M. Odell
Ryan P. Hartman
Amanda S. Thomson
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Estados Unidos da América

Email:  Christopher.Odell@arnoldporter.com
Email:  Ryan.Hartman@arnoldporter.com
Email:  Amanda.Thomson@arnoldporter.com
Tel..:   +1 713 576 2401
Fax:    +1 713 576 2499

Nuno Líbano Monteiro
PLMJ
Av. Fontes Pereira de Melo, 43
1050-119 Lisboa
Portugal

2

Email:  Nuno.LibanoMonteiro@plmj.pt
Tel.: (+351) 213 197 521

**4.     Identidade e Morada das Partes e dos seus Representantes:**

**a.     Autora:**

Petrobras America, Inc.
10350 Richmond Avenue
Houston, Texas 77042
Estados Unidos da América

Mandatários da Autora:
Eric J. Cassidy
Curtis, Mallet-Prevost, Colt & Mosle LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010

Jonathan J. Walsh
Grace Condro
Robert Garcia
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
Nova Iorque, Nova Iorque 10178

**b.     Ré:**

Samsung Heavy Industries Co., Ltd.
SHI R&D Center, 23, Pangyo-ro 227 beon-gil, Bundang-gu,
Seongnam-si, Gyeonggi-do, 463-400
13486 República da Coreia

Mandatários da Ré:
Christopher M. Odell
Ryan P. Hartman
Amanda S. Thomson
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002

Soo-Mi Rhee
Daniel Bernstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001

Nuno Líbano Monteiro
PLMJ
Av. Fontes Pereira de Melo, 43
1050-119 Lisboa
Portugal

**5.      Natureza da Ação e Resumo dos Factos:**

As partes da Ação dos EUA alegaram o seguinte:

A Ação dos EUA consiste num processo civil que emerge de um dos maiores esquemas de suborno empresarial da história. Entre, pelo menos, 2004 e 2012, a Petróleo Brasileiro, S.A. (doravante designada por "Petrobras S.A.") e suas filiais (doravante designadas, em conjunto, por "Petrobras") orquestraram um dos maiores esquemas de corrupção empresarial da história. A Petrobras orquestrou um esquema de 2 milhares de milhões de Dólares dos EUA segundo o qual utilizou aquisições empresariais - inclusive na aquisição de navios-sonda - para gerar fundos para efetuar pagamentos a políticos e a partidos políticos brasileiros em benefício da Petrobras. O esquema foi objeto de uma ampla investigação (designada por "Operação Lava Jato") que resultou na condenação de muitos dos mais altos executivos da Petrobras.

A Petrobras America, Inc. (doravante designada por "PAI") instaurou a Ação dos EUA contra a SHI em 2019, ao abrigo da lei americana relativa às organizações influenciadas pela extorsão e pela corrupção (*U.S. Racketeer Influenced and Corrupt Organizations Act*, doravante designada pela sigla inglesa "RICO") e tendo por causa de pedir também fraude e fraude implícita, após ter descoberto, alegadamente, que uma das transações nas quais a Petrobras exigia pagamentos a empresas envolviam um navio-sonda da SHI, designado de DS-5, que a Petrobras adquiriu ao abrigo de um contrato de serviços de perfuração com a Pride.[1]  A PAI pretende, através da Ação dos

---

[1] O termo "Pride" utilizado no presente documento designa a Pride International, Inc., bem como uma ou mais das respetivas filiais, conforme o caso.

EUA, ser reembolsada dos valores que pagou pelo navio-sonda DS-5, alegando que nunca precisou do navio-sonda -- em relação ao qual, segundo alega, foi sujeita a condições contratuais desfavoráveis - e que não o teria adquirido se não fosse pelos pagamentos que certos funcionários "desonestos" da Petrobras exigiram e receberam da SHI.

A SHI, por sua vez, deduziu reconvenção contra a Autora, peticionando a contribuição da Autora no valor de 200 milhões de Dólares dos EUA correspondente à indemnização que a SHI pagou à sucessora da Pride, Ensco Global IV Ltd., como resultado do envolvimento da SHI no esquema da Petrobras que incluiu a transação relativa ao DS-5.

O Sr. Raul Schmidt Felippe Júnior é um lobista que, de acordo com as alegações da PAI, esteve envolvido na transação do DS-5. O Sr. Schmidt é, portanto, uma testemunha crucial dos factos. Com efeito, na sua Divulgação Inicial, a PAI identificou o Sr. Schmidt como tendo informações suscetíveis de divulgação sobre o esquema de suborno e os factos alegados na Petição Inicial da PAI. O conhecimento do Sr. Schmidt sobre a transação e o esquema de suborno é fundamental no que diz respeito às questões-chave deste processo.

6.      **Provas a obter e objetivo:**

a.      **Provas a obter:**

A SHI pretende obter o depoimento oral do Sr. Schmidt para utilização no processo e no julgamento. O Sr. Schmidt, um lobista que a PAI alega ter facilitado subornos a funcionários da Petrobras em conexão com a transação do DS-5, é portador exclusivo de prova relevante para as alegações da Autora na Ação, bem como para a correspondente defesa aí apresentada pela SHI. O depoimento oral que se pretende que seja prestado pelo Sr. Schmidt inclui os seguintes tópicos:

i.       A formação académica e profissional, experiência profissional, experiência e ocupação atual do Sr. Schmidt;

ii.      O envolvimento do Sr. Schmidt nas conversações relacionadas com o DS-5;

iii.    O envolvimento e conhecimento do Sr. Schmidt no esquema de suborno DS-5, incluindo, designadamente, a solicitação, pagamento, recebimento e transferência de comissões ou dinheiro de comissões, direta ou indiretamente, para ou em benefício de quaisquer funcionários da Petrobras, partidos políticos brasileiros, políticos brasileiros, ou outros funcionários do governo brasileiro;

iv.    O envolvimento e conhecimento do Sr. Schmidt no que diz respeito a outros esquemas de suborno envolvendo funcionários da Petrobras, partidos políticos brasileiros, políticos brasileiros, ou outros funcionários do governo brasileiro;

v.    Comunicações do Sr. Schmidt, se houver, com funcionários da Petrobras entre 2005 e 2008, relativas à necessidade da Petrobras e usos previstos para o DS-5;

vi.    A consciência do Sr. Schmidt das conversações entre a Petrobras e outras empresas, além da Pride, relacionadas com contratos de perfuração entre 2005 e 2016;

vii.    Titulares de cargos sociais e funcionários da Petrobras que estavam envolvidos ou conscientes das conversações relacionadas com o DS-5;

viii.    Os procedimentos da Petrobras para a negociação de contratos nacionais e internacionais;

ix.    As comunicações do Sr. Schmidt, se houver, com funcionários da Samsung, relativas ao DS-5, PB 10.000 e Vitoria 10.000.

### b.    Objetivo da Prova a Realizar:

Este Tribunal concluiu que o Sr. Schmidt tem informações substanciais relacionadas com a Ação dos EUA e que a justiça entre as partes não pode ser integralmente satisfeita sem uma oportunidade de obter o seu depoimento. O Sr. Schmidt é o portador exclusivo de prova crucial relevante para os elementos essenciais dos pedidos da PAI e da defesa da SHI aos referidos pedidos. Por exemplo, dado o alcance do seu envolvimento na transação do DS-5, o Sr. Schmidt provavelmente tem conhecimento da orquestração do esquema de suborno, as razões do esquema, os participantes do esquema e a consciência da Petrobras sobre o esquema. Essa informação está diretamente relacionada com a alegação da PAI de que, sem os atos praticados pela SHI, não teria adquirido o DS-5, bem como a invocação da prescrição feita pela SHI, outras defesas relativas à

consciência da Petrobras sobre a corrupção sistemática na empresa, tais como a ratificação e o atraso na instauração do processo prejudicial à ré *(laches)*, e o pedido reconvencional apresentado pela SHI.

**7. Identidade e Morada da Pessoa a Ouvir:**

Raul Schmidt Felippe Júnior
Rua de São Mamede, n.º 9, Segundo Andar
1100-091 Lisboa
Portugal

**8. Questões a Inquirir ou Factos acerca dos quais a Pessoa deve ser Ouvida:**

Requer-se que o Sr. Schmidt seja questionado relativamente aos seguintes tópicos:

i. A formação académica e profissional, experiência profissional, experiência e ocupação atual do Sr. Schmidt;

ii. O envolvimento do Sr. Schmidt nas conversações relacionadas com o DS-5;

iii. O envolvimento e conhecimento do Sr. Schmidt no esquema de suborno DS-5, incluindo, designadamente, a solicitação, pagamento, recebimento e transferência de comissões ou dinheiro de comissões, direta ou indiretamente, para ou em benefício de quaisquer funcionários da Petrobras, partidos políticos brasileiros, políticos brasileiros, ou outros funcionários do governo brasileiro;

iv. O envolvimento e conhecimento do Sr. Schmidt no que diz respeito a outros esquemas de suborno envolvendo funcionários da Petrobras, partidos políticos brasileiros, políticos brasileiros, ou outros funcionários do governo brasileiro;

v. Comunicações do Sr. Schmidt, se houver, com funcionários da Petrobras entre 2005 e 2008, relativas à necessidade da Petrobras e usos previstos para o DS-5;

vi. A consciência do Sr. Schmidt das conversações entre a Petrobras e outras empresas, além da Pride, relacionadas com contratos de perfuração entre 2005 e 2016;

vii. Titulares de cargos sociais e funcionários da Petrobras que estavam envolvidos ou conscientes das conversações relacionadas com o DS-5;

viii. Os procedimentos da Petrobras para a negociação de contratos nacionais e internacionais;

ix. As comunicações do Sr. Schmidt, se houver, com funcionários da Samsung, relativas ao DS-5, PB 10.000 e Vitoria 10.000.

**9. Documentos ou objetos a examinar:**

7

Não é requerido qualquer exame de documentos ou objetos.

10. **Pedido de inquirição sob juramento ou, se for o caso, indicação de um formulário específico a utilizar:**

Este Tribunal requer respeitosamente que o Sr. Schmidt preste depoimento sob juramento ou afirmação, que seja devidamente ajuramentado de acordo com os procedimentos aplicáveis em Portugal, que o depoimento seja transcrito por um estenógrafo judicial escolhido pelo representante da SHI e que seja feito um registo videográfico do depoimento.

11. **Formas Especiais Requeridas:**

Requer-se respeitosamente o seguinte:

a.   Que os mandatários americano e português da SHI sejam autorizados a assistir ao depoimento e que o mandatário português da SHI seja autorizado a intervir e fazer perguntas ao Sr. Schmidt (*i.e.*, inquirir a testemunha sobre os tópicos enunciados no parágrafo 8 acima) enquanto o tribunal português preside e supervisiona o depoimento;

b.   Que os mandatários americano e português da PAI sejam autorizados a assistir ao depoimento e que o mandatário português da PAI (se houver) seja autorizado a inquirir a testemunha sobre os tópicos enunciados no parágrafo 8 acima enquanto o tribunal português preside e supervisiona o depoimento;

c.   Que o Sr. Schmidt possa ser representado pelo seu próprio mandatário, às suas custas, no depoimento, caso assim entenda, e que não seja obrigado a prestar depoimento sobre factos que estejam sujeitos a confidencialidade ao abrigo das leis quer dos Estados Unidos quer de Portugal;

d.   Que o depoimento seja efetuado ao abrigo das Regras Federais de Processo Civil dos Estados Unidos da América (*Federal Rules of Civil Procedure of the United States of America,*

doravante designadas pela sigla inglesa "FRCP"), exceto na medida em que o referido processo seja incompatível com a lei portuguesa;

e.     Que as perguntas e o depoimento sejam traduzidos para inglês, português e para a língua materna da testemunha, se requerido e se diferente do inglês ou português, e que um intérprete seja autorizado a assistir ao depoimento para realizar a tradução em simultâneo, seja (i) em privado (em voz baixa) se o intérprete estiver a traduzir apenas para o mandatário dos EUA, ou (ii) em voz alta se o intérprete estiver a traduzir para a testemunha e para o mandatário dos EUA;

f.     Que o testemunho seja gravado literalmente por meios estenográficos e videográficos em língua inglesa por um estenógrafo e videógrafo disponibilizados pela SHI, que o estenógrafo e videógrafo tenham permissão para assistir ao depoimento a fim de gravar o depoimento e que os representantes das partes recebam uma cópia da transcrição e da gravação em vídeo;

g.     Que sejam excluídas do depoimento, se permitido pela lei portuguesa, todas as pessoas exceto a testemunha, os mandatários que efetuam a inquirição, outros mandatários das partes, mandatário da testemunha, o estenógrafo, o videógrafo, o intérprete e outros funcionários do tribunal de Portugal normalmente presentes durante esse processo, com o objetivo de proteger a natureza confidencial dos temas a serem discutidos, que são abrangidos pela Providência Cautelar decretada no âmbito da Ação dos Estados Unidos da América;

h.     Que todo o procedimento seja declarado como Confidencial de acordo com os termos da Providência Cautelar decretada nos EUA por um prazo de 14 dias após o procedimento, e que a referida declaração tenha por efeito impedir a divulgação do depoimento designado para além do permitido ao abrigo da Providência Cautelar durante o referido prazo de 14 dias, após o qual as partes e o Sr. Schmidt devem apresentar declarações de confidencialidade linha a linha (se aplicável) ao abrigo da Providência Cautelar em vigor;

i.      Que a inquirição seja realizada por via oral; e

j.      Que o depoimento possa continuar até ser concluído, com a limitação que a duração da inquirição não deve exceder um total de sete horas registadas por parte, acrescido de sete horas adicionais por parte para a tradução, se o depoimento for prestado em língua diferente da língua inglesa.

**12.     Pedido de Notificação da Data e do Local de Execução do Pedido, da Identidade da Morada da Pessoa ou Pessoas a Informar:**

Requer-se que o depoimento seja prestado o mais rapidamente possível. Requer-se ainda que a testemunha e os mandatários indicados abaixo sejam notificados da data, hora e local do depoimento assim que for conveniente. Requer-se que, se possível, a notificação seja feita à testemunha e ao mandatário com uma antecedência mínima de sete dias em relação à data do depoimento.

Mandatários da Ré:
Christopher M. Odell
Ryan P. Hartman
Amanda S. Thomson
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Email: Christopher.Odell@arnoldporter.com
Email: Ryan.Hartman@arnoldporter.com
Email: Amanda.Thomson@arnoldporter.com
Tel..: +1 713 576-2401

Soo-Mi Rhee
Daniel Bernstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Email: Soo-Mi.Rhee@arnoldporter.com

Nuno Líbano Monteiro
PLMJ
Av. Fontes Pereira de Melo, 43
1050-119 Lisboa

Portugal
Email: Nuno.LibanoMonteiro@plmj.pt
Tel.: (+351) 213 197 521

Mandatários da Autora:
Eric J. Cassidy
Curtis, Mallet-Prevost, Colt & Mosle LLP
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Email: ECassidy@curtis.com
Tel..: +1 832 331 6788

Jonathan J. Walsh
Grace Condro
Robert Garcia
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
Nova Iorque, Nova Iorque 10178
Email: JWalsh@curtis.com
Tel..: +1 212 696 6000

**13.    Pedido de Assistência ou de Intervenção de Magistrados da Autoridade Requerente, na Execução da Carta Rogatória:**

Não é requerida a assistência de magistrados dos Estados Unidos.

**14.    Especificação de Dispensa ou Interdição de Depor, previstas pela lei dos Estados Unidos:**

A testemunha só pode recusar prestar depoimento na medida em que tenha o direito o ou

dever de se recusar a prestar depoimento ao abrigo das leis dos Estados Unidos ou das leis de

Portugal.

As partes da Ação dos EUA acordaram e este Tribunal ordenou que qualquer material

confidencial produzido ou divulgado pelas partes ou por quaisquer terceiros será mantido

confidencial, de acordo com a Providência Cautelar decretada no processo.

**15.    Taxas e Custas:**

As taxas e custas incorridas que sejam reembolsáveis nos termos do n.º 2 do artigo 14.º ou do artigo 26.º da Convenção de Haia serão suportadas pela SHI.

**16.    Indicação da Data Limite em que a Autoridade Requerente deseja receber resposta à carta rogatória:**

A Autoridade Requerente requer que o depoimento ocorra o mais rapidamente possível após a receção, pelo Estado Requerido, da presente Carta Rogatória, a fim de ser recebido com a antecedência adequada antes do encerramento fase de divulgação de factos neste processo a 31 de dezembro de 2022. O tratamento expedito da presente Carta Rogatória permitirá às partes e à testemunha marcar uma data mutuamente acordada para o depoimento e evitar perturbações nos planos profissionais ou pessoais da testemunha.

**17.    Assinatura e Selo da Autoridade Requerente:**

Este tribunal expressa o seu apreço pela assistência e cortesia dos Tribunais de Portugal nesta matéria, e afirma que estará pronto e disposto a assistir os tribunais de Portugal de forma semelhante, quando necessário.

Assinado neste dia <u>16th</u> de <u>September</u> de 2022.

_Lee H. Rosenthal_

O Meritíssimo Juiz Lee H. Rosenthal

Selo



kestrel legal translations lda

Arnold & Porter Kaye Scholer LLP

700 Louisiana Street | Suite 4000

Houston, TX 77002-2755

13 September 2022

<u>Re: Declaration of conformity</u>

I, Mary O'Driscoll, translator at Kestrel – Legal Translations, Lda., resident at Rua da Murtinheira  1, 2725-661 Mem Martins, parish of Algueirão-Mem Martins, municipality of Sintra, bearer of Portuguese permanent residence card number 057837, valid until 26.09.2022, issued on 10.02.2014 by the *Serviço de Estrangeiros e Fronteiras* [Immigration and Borders Services], hereby declare that the translation from English into Portuguese of the

LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970  ON THE TAKING OF EVIDENCE ABROAD IN CIVIL MATTERS TO OBTAIN EVIDENCE FROM RAUL SCHMIDT FELIPPE JÚNIOR,

comprising eleven pages, is a full, correct and faithful translation of the original document.

Mary O'Driscoll

KESTREL-LEGAL TRANSLATIONS, LDA.
A Gerência

Sede Social Rua da Murtinheira n.º 1, Pexiligais, 2725-661 Algueirão-Mem Martins, Portugal
Capital Social € 5.000 | Matriculada na C.R.C de Sintra sob o NIPC 514 062 959
Telefone +351 219 264 408 | Email info@kestrellegaltranslations.pt