United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROBRAS AMERICA, INC., § § Plaintiff and Counterclaim Defendant, § § v. § § SAMSUNG HEAVY INDUSTRIES CO., LTD., § § Defendant and Counterclaimant. § | CIVIL ACTION NO. H-19-1410 |

**ORDER**

Two motions and a request are are addressed below.

1. The court grants PAI's unopposed motion to dismiss its Texas state-law claims. (Docket Entry No. 204).

2. Samsung moves to strike, or, in the alternative, moves for leave to file a surreply to arguments it alleges PAI first made in its reply brief in support of its motion for summary judgment. (Docket Entry No. 218). Samsung argues that the PAI is arguing for the first time that Braspetro "forced" PAI to enter the assignment agreement discussed in the parties' motions. (*Id.* at 1–2).

Although "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010), a district court may consider new arguments made in reply without abusing its discretion "so long as it gives 'the non-movant an adequate opportunity to respond prior to [its] ruling.'" *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019) (quoting *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)).

Samsung argues that the court should strike this argument and the declaration (submitted with PAI's response to Samsung's motion) of Petro Correa de Albuquerque, the Petrobras

employee responsible for managing international rig contracts at the time in question. (Docket Entry No. 218 at 2).

In response, PAI argues that its argument has been consistent throughout: "Samsung proximately caused PAI's injuries because Samsung's conduct saddled PAI with a five-year drilling services agreement it did not need." (Docket Entry No. 223 at 1). PAI points to its response to Samsung's motion to dismiss, making similar statements. (Docket Entry No. 54 at 21 ("It was both foreseeable and a natural consequence of Samsung's fraudulent activity that Petrobras would suffer losses for a drilling services contract it did not need."). PAI argues it made the same argument in its opening summary judgment brief. (Docket Entry No. 177 at 28 ("After Braspetro was fraudulently induced into a five-year commitment for a drillship it did not need, it was reasonably foreseeable that it would suffer losses by being saddled with a long-term contract it did not need" and "PAI's sporadic use of the drillship to mitigate such damages does not change the fact that there was never a need for a five-year commitment.")).

In reply, Samsung argues that the statements to which PAI points do not make the argument contained in PAI's reply brief.

The court agrees that PAI's argument that it was "forced" to accept the assignment agreement was not made in its opening brief. Although PAI has always contended that it was injured because of the assignment agreement, it has not previously argued that it was compelled to accept that agreement. On the other hand, Samsung has consistently attacked PAI's position, arguing that PAI's repeated acceptance of the assignment agreement demonstrates that its injury was caused through its own conduct, rather than through the bribery scheme. In making this argument, Samsung has, in effect, addressed at least a portion of PAI's argument in reply. The court does not believe that denying Samsung's motion to strike would result in prejudice.

2

The court grants Samsung's motion for leave to file a surreply brief. Docket Entry No. 219-1 (the proposed surreply) and its exhibits are added to the summary judgment record. The motion to strike is otherwise denied.

3. The parties have submitted a request for oral argument on their motions for summary judgment. (Docket Entry No. 225). The parties also request a trial setting for October 2023. They inform the court they expect trial to take three weeks.

The court will hear argument on the parties' motions on **July 24, 2023, at 1:00 p.m., in Courtroom 11-B**. At that time the court will also hear the parties' privilege dispute. (Docket Entry Nos. 217, 221). The court resets the final pretrial conference to **October 30, 2023, at 9:00 a.m., in Courtroom 11-B**. Jury selection and trial will begin **November 1, 2023, at 9:00 a.m**.

SIGNED on July 10, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge